MILLER *v.* GRISWOLD BUILDING CO.

1. CORPORATIONS—STOCKHOLDER MAY NOT WITHDRAW ASSETS TO DETRIMENT OF CREDITORS.

One cannot act as an incorporator, transfer an interest in property in payment of stock therein, take stock, become treasurer, draw a salary as such, and, when satisfied the company will prove a financial failure, by agreement with the other company officers take back the property assigned to the company and let creditors stand the loss, but such property must be held to constitute an equitable corporate asset for the benefit of creditors on a bill in aid of execution by a judgment creditor of the corporation.

2. NEW TRIAL—EQUITY WITHOUT POWER IN LAW CASE.

On a bill in aid of execution by a judgment creditor, the chancery court properly refused to grant a new trial in the law case; motion for same should have been made in the law case within the time fixed by the court rules.

Appeal from Wayne; Mandell (Henry A.), J.   Sub-

mitted October 6, 1921.    (Docket No. 53.)    Decided December 22, 1921.

Bill in aid of execution by Israel Miller against the Griswold Building Company, Gertrude E. Griswold and others. From a decree for plaintiff, defendant Griswold appeals. Affirmed.

*Wurzer & Wurzer,* for plaintiff.

*Frank C. Cook* and *John P. O'Hara,* for appellant.

WIEST, J.    Bill in aid of execution to reach claimed equitable assets of defendant corporation. Plaintiff obtained a judgment at law against defendant corporation and levied an execution upon certain real estate of record in the name of the defendant Griswold. Defendant Griswold, as one of the incorporators of the Griswold Building Company, duly assigned to the corporation at its creation, in payment for 500 shares of its stock, her interest as a vendor of the property under land contract, and later she surrendered her shares of stock in the corporation under agreement with her co-incorporators and received back the land contract with the assignment to the corporation erased. This was done after plaintiff entered into a contract with the corporation and for a subsequent breach of which contract he recovered the judgment in suit.

Defendant Griswold claims she was induced to become an incorporator by the representation that one of the other incorporators would pay in $5,000, and another $10,000; that she assigned her vendor's interest in the land contract to the corporation and paid $500 in cash, making $5,000, and loaned the company $100 and as treasurer drew a salary of $25 per week for several weeks, and, finding that there was no

prospect of the $5,000 and the $10,000 being paid in, and being dissatisfied with affairs, she wanted to get out, and the assignment upon the land contract was erased, and she was given the company note for $300, surrendered her certificates of stock and retired from the corporation.

The defense made is of no avail as against the rights of plaintiff as a creditor. She knew, when the articles of incorporation were executed, that the statement therein that $5,000 and $10,000 had been paid in was not true in fact and yet she went ahead. She tried the corporate experience until she found the business was a failure and then sought to save what she had ventured. The unpaid subscriptions gave the corporation a right of action against the subscribers, but under the circumstances gave her no right to rescind and take back what she had put in and leave the creditors in the lurch. One cannot act as an incorporator, transfer an interest in property in payment of stock therein, take stock, become treasurer, draw a salary as such, and, when satisfied the company will prove a financial failure, by agreement with the other company officers, take back the property assigned to the company and walk away leaving the company without assets and let creditors stand the loss.

The land contract assigned to the company for stock therein must be held to constitute an equitable corporate asset for the benefit of creditors, and the erasure of the assignment thereof was of no avail whatever.

Defendant Griswold attacked the judgment and asked the court of chancery to grant a new trial in the law case. The court was right in refusing such motion. She should have made her motion in the law case within the time fixed by the rules of court.

Defendants Curtis, Pelletier and Bailey were in-

corporators with defendant Griswold; defendant Lane was the vendee under the land contract assigned by defendant Griswold to the corporation, and defendant Mercier was a judgment creditor of the corporation with a lien on the corporate assets. Defendant Griswold alone appealed from the decree.

We have examined the decree entered in the circuit and it is affirmed, with costs to plaintiff against appellant.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.