REITH *v.* UNIVERSITY HOUSING CORPORATION.

1. Corporations—Public Policy—Insolvent Corporation May Not Purchase Own Stock.

   While a solvent corporation may purchase its own stock, at least from surplus, an insolvent corporation may not do so, such transactions being invalid as against public policy.

2. Same—Specific Performance—Burden of Proof—Corporate Stock.

   Specific performance of a written contract by a corporation to repurchase its stock sold to plaintiff was properly denied, where plaintiff failed to sustain the burden of proof to establish that the corporation was solvent at the time performance was sought.

3. Equity—Jurisdiction—Breach of Contract.

   A court of equity has no jurisdiction in a suit by which plaintiff sought to recover damages for breach of a contract of employment, since defendant has a right to trial by jury; but plaintiff, at his option, may have the case transferred to the law side of the court.

Appeal from Washtenaw; Sample (George W.),
J. Submitted April 5, 1929. (Docket No. 89, Cal-
endar No. 34,127.) Decided June 3, 1929.

Bill by Fred J. Reith and another against the
University Housing Corporation, for specific per-
formance of a contract of employment and damages.
From decree for defendant, plaintiffs appeal. Af-
firmed.

*C. H.* and *G. M. Lehman,* for plaintiffs.

*Bonisteel & Lane (Cavanaugh & Burke,* of coun-
sel), for defendant.

NORTH, C. J.   This is a suit for specific perform-
ance of a contract for the return by the defendant
to the plaintiffs of certain stock and for damages
alleged to have been sustained by the plaintiff Fred
J. Reith incident to the breach of a contract where-
by he was employed by the defendant for a period
of two years, at an agreed salary of $300 per month.
The transactions out of which this litigation arises
were almost wholly between the defendant and Mr.
Fred J. Reith, and for convenience he will be herein
denominated as the plaintiff.   In March, 1924, cer-
tain officers and agents of the defendant corporation
approached the plaintiff and induced him to pur-
chase $11,000 par value of its stock.   Payment there-
for was made by transferring to the defendant com-
pany $11,000 par value in stock of the Detroit Fidel-
ity & Surety Company.   As a part of this transac-
tion, it was agreed in writing that the defendant
company would return to Reith stock of like value
in the Detroit Fidelity & Surety Company, "when-
ever said Reith shall become dissatisfied or deem

himself insecure in his said investment, within a reasonable time after demand for the return of said Detroit Fidelity & Surety Company stock." Practically at the same time and obviously resulting from the same negotiations, the contract of employment above referred to was consummated. The stock in the defendant company was issued to the plaintiff; and there is some evidence from the records of the corporation that he was elected a director thereof March 11, 1924. He entered upon his employment April 15, 1924. He was notified of his dismissal on the 15th of September following. Two days later the plaintiff caused the following written notice to be served upon the defendant company:

"I hereby notify you that I have become dissatisfied and deem myself insecure in my investment, and hereby demand a return of $11,000 worth of stock of said Detroit Fidelity and Surety Company, and upon its return I hereby offer to return to you all stock of the University Housing Corporation held by me and my wife, Ella B. Reith, also the bonds pledged to secure the agreement.  *  *  *  "

The defendant did not comply with the foregoing demand, and suit followed, resulting in the decree in the circuit dismissing the bill of complaint on the ground that the defendant's alleged agreement to return plaintiff's stock to him was *ultra vires,* and that equity did not have jurisdiction of plaintiff's claim for damages based upon the breach of his employment contract. The plaintiffs have appealed. In this court appellee contends that the decree of the lower court should be affirmed because it appears from the record that the defendant corporation was insolvent at the time the plaintiff sought to have his contract relative to the repurchase of his stock enforced; and, further, if the insolvency of the defend-

ant does not appear from the proof in the case, still the plaintiff is not entitled to relief because as a condition of recovery the burden rested upon plaintiff to establish the solvency of the defendant company at the time he sought to have it repurchase his stock.

We are of the opinion that this case is controlled by the law as announced in *McIntyre v. E. Bement's Sons,* 146 Mich. 74 (10 Ann. Cas. 143), and *Barden v. A. Heller Sawdust Co.,* 240 Mich. 549. In the latter case Justice FELLOWS, writing for the court stated:

"We are satisfied that the rule that while a solvent corporation may purchase its own stock, at least when done from surplus, an insolvent corporation may not do so, and that such transactions are invalid and against public policy, is a safe rule and one which should be followed by this court."

The facts in the case at bar are strikingly similar to those out of which the case of *McIntyre v. E. Bement's Sons, supra,* arose. It was therein stated:

"If the evidence were less conclusive upon this point (the question of insolvency of the corporation), I think, for reasons hereinafter given, there is no theory permitting a recovery by the plaintiff which does not require him in this case to *establish affirmatively* the solvency of the corporation at the time of exercising his option."

Under the record in this case it is a serious question if it does not affirmatively appear that the defendant corporation was in fact insolvent at the time plaintiff sought to recover the property he had delivered to it in payment of his stock. It clearly appears that the plaintiff has failed to sustain the burden of proof in that it is not established by the

record that the defendant corporation was in fact solvent at the time plaintiff sought performance of its agreement to repurchase his stock. Under the rule of *McIntyre* v. *E. Bement's Sons, supra,* the plaintiff did not establish his right to the relief sought relative to his stock subscription. The decree of the lower court in this respect must be affirmed.

' The other branch of this case, in which the plaintiff seeks to recover damages for breach of contract of employment, presents no issue which would give the equity court jurisdiction. Instead, it is a matter in which the defendant has a right to a trial by jury, if it so desires. The decree of the lower court must be affirmed, but with the provision that the plaintiff, Fred J. Reith, at his option, may have the case transferred to the law side of the court for the purpose of adjudicating his right to recover damages for the breach of his contract of employment with the defendant. The appellee will have costs of this court.

Fead, Fellows, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.