GRAND RAPIDS TRUST CO. *v.* BEN ROSE TIRE CO.

1. CORPORATIONS—ASSETS MAY NOT BE TAKEN TO PAY STOCK-
   HOLDER'S DEBT.

   Assets of corporation may not be taken by stockholder or
   officer to satisfy his individual debts.

2. SAME—BILLS AND NOTES—CONSIDERATION.

   Corporate note given by stockholders as part of consideration
   for purchase of corporate stock by which they became sole
   owners is not enforceable against corporation, where it re-
   ceived no consideration therefor, and, at time of said trans-
   action, its capital had been somewhat depleted, and its
   recent business had been operated at substantial loss.

Appeal from Kalamazoo; Weimer (George V.); J.
Submitted June 8, 1933. (Docket No. 33, Calendar
No. 37,195). Decided August 29, 1933.

Assumpsit by Grand Rapids Trust Company, ad-
ministrator of the estate of Samuel L. Graff, de-
ceased, against Ben Rose Tire Company, a corpora-
tion, on a promissory note. Judgment for defendant.
Plaintiff appeals. Affirmed.

*Charles H. Farrell* (*Richard H. Paulson,* of coun-
sel), for plaintiff.

*Mason & Sharpe,* for defendant.

NORTH, J. In a suit upon a promissory note, de-
fendant had judgment and plaintiff has appealed.
The case was tried by the circuit judge without a
jury.

Prior to November, 1927, Samuel L. Graff and
Mrs. Fannie Rose, as copartners, conducted a retail

automobile tire and accessory business.  At the time indicated the business was incorporated as the Service Tire Company.  The corporate name was later changed to the Ben Rose Tire Company, the defendant herein.  Its stock consisted of 2,000 shares of the par value of $10 each, held as follows: Samuel L. Graff 950 shares; Annette R. Graff, his wife, 50 shares; Benjamin I. Rose 750 shares; Fannie Rose, his wife, 250 shares.  The four continued to constitute the list of stockholders, directors, and officers of the corporation.  On May 28, 1929, Mr. Graff entered into a contract with Mr. and Mrs. Rose, in which he agreed to sell to them 1,000 shares of the capital stock of the Service Tire Company for $12,000, $10,000 payable in cash and "a promissory note of said Service Tire Company payable to the order of party of the first part (Mr. Graff) and indorsed by the parties of the second part in the sum of $2,000."  This note was not paid at maturity.  Mr. Graff having died in the meantime, this suit on the note was instituted by the administrator of the estate of deceased, October 19, 1931.  In its answer, defendant pleaded lack of consideration, that the note was executed without corporate authority, and was not binding upon the corporation.

In an agreement entered into at the time the note was delivered to Mr. Graff, the following is embodied:

"It is understood and agreed between the parties hereto that the payment of the money aforesaid and the notes aforesaid are in consideration not only of the transfer of stock as aforesaid, but further in consideration of the release and discharge of a claim of $2,000 or thereabouts which party of the first part has asserted against the said Service Tire Company."

The agreement was signed by Mr. Graff and Mr. and Mrs. Rose; but it was not executed by Mrs. Graff or by the corporation. However, in fulfillment of the agreement, Mrs. Graff seems to have transferred her stock in the corporation to Mr. and Mrs. Rose. The only evidence offered of any claim on the part of Mr. Graff against the defendant company was the recital in the contract above quoted. The admissibility of the recital in the contract for this purpose is challenged by appellee on the ground that the corporation, as such, was not a party to the agreement. Appellant takes the position that, since the transaction was between and involved all the stockholders of the corporation, corporate fiction should be disregarded. Regardless of the merits of the respective contentions, proof was taken in behalf of defendants which, though of a negative character, tended to indicate that Mr. Graff, in fact, was not asserting any claim against the corporation. On this issue the trial judge decided in favor of the defendant. Review of the record satisfies us that this determination was correct.

In view of the above holding, the remaining question is whether there was any consideration moving to the corporation in consequence of which plaintiff is entitled to recover. The transaction incident to which the note was given now develops to have been one wherein two stockholders purchased the holdings of the two remaining stockholders in the corporation, and sought to have the corporation give its note in part payment therefor. We are not here concerned with a case wherein the corporation had accumulated profits or a surplus on hand out of which such payment might be made. This record discloses at the time of the transaction in question the capital of this corporation had already been depleted to the extent of $706.82, and its business had recently been

operated at a substantial loss.   Under such circumstances, it would be a clear violation of the law governing corporations to hold, as appellant contends, that the corporate entity should be disregarded, and the consideration to the extent of $2,000 for the purchase by Mr. and Mrs. Rose of stock from plaintiff's decedent should be paid by the corporation out of its capital.   The assets of a corporation may not be taken by a stockholder or officer to satisfy his individual debts.  *Fowler* v. *McQuigg,* 222 Mich. 178. See, also, *Miller* v. *Griswold Building Co.,* 217 Mich. 192.   To do so would be to impair the capital of the corporation to that extent to the injury of its present or future creditors.   So far as the corporation is concerned, the result of the transaction here involved would more effectively impair its capital than would a purchase of its own stock.   In this transaction the corporation would receive nothing for this expenditure, but an investment in its own stock would to that extent decrease its outstanding stock liability.

"While a solvent corporation may purchase its own stock, at least from surplus, an insolvent corporation may not do so; such transactions being invalid as against public policy."  *Reith* v. *University Housing Corp.* (syllabus), 247 Mich. 104.

In the absence of testimony tending to show that the financial condition of the corporation was any different at the time the suit was instituted than at the time the note was given, it must be presumed that there was no change which would inure to plaintiff's advantage.

The judgment entered in the circuit court is affirmed, with costs to appellee.

McDONALD, C. J., and CLARK, POTTER, FEAD, WIEST, and BUTZEL, JJ., concurred.  SHARPE, J., did not sit.