## CARLSON *v.* JOHNSON.

1. EVIDENCE—CONTRACTS—REMEDIES—CONTEMPORANEOUS CONVERSATIONS.

In action between parties to contract to repay a sum of money when promisor felt able and willing to do so, the contract controls rights and remedies to the exclusion of all contemporaneous conversations.

2. CONTRACTS—TIME OF PAYMENT OF MONEY—VOLITION OF PROMISOR.

In action by daughter and her husband against her father to recover a sum of money under a contract in which he reserved control over time of payment, his evidence that such time had not arrived *held*, controlling, since the court cannot remake his contract with plaintiffs who had accepted its terms.

3. SAME—CONSIDERATION—VOLITION OF PROMISOR.

Generally a promise which is made conditional on will of promisor is of no value.

4. RELEASE—DEBTS—REMEDIES.

Since it is reasonable to release a debt altogether, it is reasonable to release the remedies for a debt not itself released.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 10, 1936. (Docket No. 39, Calendar No. 38,696.) Decided March 2, 1936.

Assumpsit by Frederick G. Carlson and wife against Frederick L. Johnson on a written instrument. Judgment for plaintiffs. Defendant appeals. Reversed without a new trial.

*Frederick Piatt* (*Anderson & Anderson,* of counsel), for plaintiffs.

*William J. Branstrom,* for defendant.

WIEST, J. Plaintiff Clara S. Carlson is the daughter of defendant.

Plaintiffs had judgment upon the following instrument:

"Whereas, Frederick G. Carlson and Clara S. Carlson have, at the request and for the benefit of Frederick L. Johnson incumbered or mortgaged their lot, known as the northerly half of lot seven (7) in block seven (7) in George L. Wrenn's Addition to Highland Park, Lake county, Illinois, for the sum of $1,500 bearing interest at the rate of 6½ per cent. per annum, payable semi-annually, and

"Whereas, they have turned over the proceeds of said loan, less the expense for procuring the same amounting to $70.92 to Frederick L. Johnson.

"Now therefore in consideration of said premises, the said Frederick L. Johnson hereby acknowledges his indebtedness as hereinabove stated with the understanding that the same is not to be paid until such time as he feels that he is able and willing to repay the same.

"In witness whereof, I have hereunto set my hand and seal, this 24th day of April, A. D. 1924.

"(Signed) FREDERICK L. JOHNSON (Seal)
"(Signed) JOHN ANDERSON, Witness."

Defendant pleaded the personal volition reserved in the instrument and testified that he did not feel able and was not willing to make payment.

The trial judge ruled that payment was due in a reasonable time and fixed the due date at three years.

The suit being between the parties to the instrument the contract controls rights and remedies to the exclusion of all contemporaneous conversations.

The instrument is an undertaking to pay a stated sum of money if, and when, the promisor feels able and willing to do so.

It is clear from the testimony of defendant, who reserved control over the time of payment, that such time has not arrived. We cannot remake the contract, nor, by deletion, give it a tenor contrary to its explicit terms. Plaintiffs accepted the terms and must abide the stated conditions.

"A promise which is made conditional on the will of the promisor is generally of no value, for one who promises to do a thing only if it pleases him to do it is not bound to perform it at all." 13 C. J. p. 634, § 704.

The leading case on the question here presented is *Nelson* v. *Von Bonnhorst,* 29 Pa. 352. We quote from the opinion:

"The contract is in writing, and the defendant acknowledges himself in debt to the plaintiffs, and promises to pay them thus: 'Whenever, in my opinion, my circumstances will enable me to do so.' As an expression of intention, can anything be plainer than this? The express contract of the parties is, that the debtor is to pay when he shall be able, and that he shall be the judge of his ability. No doubt the parties thought this a reasonable arrangement when they made it, though the creditors think otherwise now. If it is reasonable for a man to release a debt altogether, surely it is reasonable to release the remedies for a debt, not itself released, as is done in covenants not to sue. And if it be not reasonable, we cannot set up our reason or the public reason for that of the contracting parties, and make a contract for them that is contrary to their plain intention, without violating the first principles of freedom, and the very nature of contract relations.

"We cannot read this contract at all as a legal obligation; for the debtor reserves to himself the control of the remedies upon it. The agreement to pay is here; but right to enforce is, by mutual consent, expressly withheld; and thus the obligation is merely a moral one.

"To say that the law will, in such a case, adjudge the debtor to have decided that he is able to pay, whenever the court and jury find that he is so, is only a mode of getting clear of the real contract, by assuming a fictitious and constructive one. It would still be the imposition of a duty as a contract, contrary to the expressed intention of the parties. The instrument given in evidence does not and cannot prove the issue on which the parties went to trial."

Plaintiffs, in support of the judgment, cite *Benton* v. *Benton,* 78 Kan. 366 (97 Pac. 378, 27 L. R. A. [N. S.] 300, 130 Am. St. Rep. 376); *Page* v. *Cook,* 164 Mass. 116 (41 N. E. 115, 28 L. R. A. 759, 49 Am. St. Rep. 449); *Lewis* v. *Tipton,* 10 Ohio St. 88 (75 Am. Dec. 498); *Smithers* v. *Junker,* 41 Fed. 101 (7 L. R. A. 264), and *Crooker* v. *Holmes,* 65 Me. 195 (20 Am. Rep. 687).

These cases and many others have been examined and found not to have involved personal volition as in the case at bar. Here was no designated event, upon the happening of which the promise was to become operative, but rather a state of mind and exercise of will of the promisor upon the subject of payment. Defendant was not to pay unless, and until he not only felt able to do so, but as well, on his own volition, if he cared to do so. The contract left choice to defendant and no court can hold him liable contrary to the reserved right of self-determination.

The court was in error in entering judgment for plaintiffs.

Defendant gave notice of counter claims under unrelated, alleged obligations, but does not press review on the subject and asks for reversal without a new trial.

The judgment is reversed without a new trial, with costs of both courts to defendant.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.