BAND v. HAZEL PARK DEVELOPMENT CO.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—STATEMENT OF REASONS AND GROUNDS OF APPEAL.
   Questions not included in the statement of reasons and grounds of appeal are not before Supreme Court for determination.

2. SPECIFIC PERFORMANCE—FINDING OF TRIAL COURT—RECORD.
   Finding of trial court that defendant had declined to go through with real estate transaction because property had increased in value is not disturbed upon review of record on appeal from decree granting specific performance.

3. SAME—CONTRACTS—SUBSEQUENT AGREEMENT ON OPEN MATTER.
   Record in suit for specific performance of a preliminary agreement for the sale of land in a subdivision *held*, to have established that parties had reached an agreement as to the minimum cost for houses to be erected thereon after executing the agreement of purchase, which had expressly left such matter for future determination.

4. CONTRACTS—INDEFINITENESS.
   Courts do not favor destruction of contracts because of indefiniteness.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 703.
[3] 49 Am Jur, Specific Performance § 24.
[4, 5] 12 Am Jur, Contracts § 64 *et seq.*

5. Same—Uncertainty—Subsequent Agreement.
  Uncertainty in a contract may be removed by subsequent acts or agreements of the parties.

Appeal from Oakland; Doty (Frank L.), J. Submitted June 24, 1953. (Docket No. 58, Calendar No. 45,868.) Decided October 5, 1953. Rehearing denied November 27, 1953.

Bill by Herman Band against Hazel Park Development Company, a Michigan corporation, for specific performance of agreement to sell real estate. Decree for plaintiff. Defendant appeals. Affirmed.

*George J. Armbruster* (*Carroll C. Grigsby,* of counsel), for plaintiff.

*William G. Comb,* for defendant.

Dethmers, C. J. This is suit for specific performance of a preliminary agreement for the sale of a piece of real estate subdivided into a number of lots. From decree for plaintiff defendant appeals.

The agreement contained a provision, around which the sole controversy revolves, as follows:

"Only building and use restrictions mutually acceptable to buyer and seller shall be placed on said subdivision."

The defense raised on trial was that the parties had never agreed on building and use restrictions. On appeal the question is narrowed to the precise one of whether the court erred in finding that, pursuant to the above noted provision of the contract concerning restrictions, there had been a meeting of the minds between the parties in relation to the minimum cost of homes to be erected on the lots. Questions concerning the possibility of other building or use restrictions were not urged on trial or included in

the statement of reasons and grounds of appeal and are, therefore, not before us. *DesRoches* v. *McCrary,* 315 Mich 611; *Patterson* v. *Jacobs,* 289 Mich 351.

The record contains the testimony of plaintiff, of 2 realtors involved in the deal, and of the attorney who represented plaintiff in the negotiations, all of which supports plaintiff's claim and the trial court's finding that at the time the contract was signed the parties had agreed on the minimum cost of $7,500 for frame houses and $10,500 for brick houses. Approximately one-half year after the preliminary agreement was made defendant's president insisted on a $15,000 minimum, but he admitted on trial that no such figure had been mentioned when the agreement was signed. The trial court found, and there is evidence to support it, that defendant declined to go through with the deal because the value of the real estate had increased. Review of the entire record does not persuade us that, had we been in the position of the trial court, we would have found otherwise as to the facts.

Defendant cites authorities for the proposition that equity will not specifically enforce a contract bad for vagueness and uncertainty in respect to material elements of the transaction. They are not in point. The contract was clear enough in every other respect than that relating to restrictions. It left that matter to be determined by subsequent mutual agreement. The trial court found and the record establishes that such agreement was subsequently reached by them. Courts do not favor destruction of contracts because of indefiniteness and hold that uncertainty may be removed by subsequent acts or agreements of the parties. Accordingly, specific performance was granted in *Waites* v. *Miller,* 244 Mich 267, in which the written agreement left open for future agreement of the parties fully as large and

important an area of the total transaction as that involved here.

Affirmed, with costs to plaintiffs.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.