## J. W. KNAPP COMPANY v. SINAS

1. Contracts — Incompleteness — Indefiniteness — Partial — Full — Enforceability.

   An agreement may be enforced as a contract even though incomplete or indefinite in the expression of some term, if it is established that the parties intended to be bound by that agreement, particularly where one or another of the parties has rendered part or full performance.

2. Contracts—Indefiniteness—Price—Payment.

   A purchaser may be required to pay and a seller may be required to accept a reasonable price when their contract is indefinite regarding price.

3. Contracts—Indefiniteness—Performance—Time.

   Performance of a contract may be required to be rendered within a reasonable time, where time of performance is indefinite.

4. Contracts—Indefiniteness—Construction.

   The construction of a contract, whose terms are indefinite regarding price and time of performance, depends upon the facts and circumstances.

5. Sales—Contracts—Uniform Commercial Code.

   The Uniform Commercial Code governs the relationship between sellers and purchasers in sales contracts (MCLA § 440.2301, et seq.).

---

References for Points in Headnotes
[1]  17 Am Jur 2d, Contracts §§ 73, 75.
[2, 4]  17 Am Jur 2d, Contracts § 82.
[3, 4]  17 Am Jur 2d, Contracts § 80.
[5]  15 Am Jur 2d, Commercial Code § 6.
[6]  15 Am Jur 2d, Commercial Code §§ 2, 7.
[7]  46 Am Jur, Sales §§ 132, 180, 291 et seq.
[8]  46 Am Jur, Sales §§ 606, 623, 686, 749.
   45 Am Jur 2d, Interest and Usury §§ 68, 345.
[9]  46 Am Jur, Sales § 141.
[10, 11]  45 Am Jur 2d, Interest and Usury § 339.

6. Sales—Contracts—Uniform Commercial Code—Indefiniteness.
   The Uniform Commercial Code policy of authorizing courts to fill in gaps in sales agreements is further reflected by other code provisions concerning indefiniteness of particular contract terms (MCLA §§ 440.2305–440.2309).

7. Sales — Contracts — Performance — Time — Charges — Reasonableness.
   What constitutes a reasonable performance time and a reasonable carrying charge in a sales contract, silent on these matters must be based upon the nature of that contract.

8. Sales—Contracts—Deferred Payments—Carrying Charges—Interest.
   Interest at the legal rate need not be charged by the court merely because the seller and purchaser did not agree upon the carrying charges for their deferred payment contract.

9. Sales—Contracts—Deferred Payments—Carrying Charges.
   Appropriate carrying charges for a deferred payment contract should be determined by a court upon all the facts and circumstances, including the nature of that contract.

10. Interest—Rate—Evidence—Hearing—Waiver.
    The right to present evidence on what constitutes an appropriate charge for the use of money owed to a party may be waived by failing to seek an evidentiary hearing on that question.

11. Interest—Rate—Evidence—Hearing—Trial—Determination.
    A trial judge need not grant an evidentiary hearing to a plaintiff to determine an appropriate charge for the use of money owed by defendant when plaintiff did not request a hearing on that question either in its petition for a rehearing in the trial court or in its appellate brief.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 April 9, 1969, at Lansing. (Docket No. 5,392.) Decided October 2, 1969.

Complaint by J. W. Knapp Company, against Thomas G. Sinas, for money due on open account. Counterclaim by defendant for specific performance of an agreement to make a deferred payment contract. Judgment for defendant. Plaintiff appeals.

Affirmed, with discretionary instruction to trial judge.

*Andrews, Stapleton, Harmon & Huber,* for plaintiff.

*Sinas, Dramis, Brake & Turner,* for defendant.

Before: J. H. GILLIS, P. J., and LEVIN and BRONSON, JJ.

LEVIN, J. This appeal has been submitted with an agreed statement of facts. During the period from January to September, 1966, the defendant purchased from the plaintiff a large quantity of household furnishings having a retail value of $8,327.82. The cost of the individual items comprising this amount was reflected in an open charge account which the defendant purchaser had maintained with the plaintiff seller for a number of years.

Before any purchases were made the parties had agreed that after receipt of all the furnishings the total cost of these purchases would be taken off the open account and placed in a "deferred payment contract." There was no discussion or agreement regarding the duration of the payments or the time price differential or carrying charge which the defendant would pay.

After all the purchases had been completed the defendant's wife and plaintiff's credit manager met to verify the account and determine the manner of payment. The defendant had already paid $1,349.96 and the parties were in agreement that the balance due was $6,977.86. After some discussion it was agreed that this balance would be paid in 36 monthly installments.

The plaintiff proposed an 8% add-on, *i.e.,* that the defendant pay 8% of the entire $6,977.86 balance for each of the three years during which the balance would be paid, or a total of $1,674.48. The defendant suggested simple interest of 7% per annum. The parties could not reconcile their differences on this aspect of the matter.

The plaintiff then commenced this action for the total amount and the defendant filed a counterclaim seeking specific performance of the oral agreement for the payment of the balance over a 36-month period and offered to pay interest at the legal rate of 5% per annum. Plaintiff's motion for summary judgment was denied; judgment was entered on the defendant's counterclaim for $7,443.05 in the plaintiff's favor, which sum included interest at the rate of 5% per annum from the date the complaint was filed, November 23, 1966, to the date of judgment, March 29, 1968. The judgment directed the defendant to pay the $7,443.05 in 36 equal monthly installments beginning May 1, 1968, together with interest at the rate of 5% per annum on the unpaid balance, and directed that interest shall be paid monthly in addition to the monthly installments on principal.

Plaintiff contends that since the minds of the parties never met concerning essential terms of the contract, their negotiations constituted nothing more than an "agreement to agree", too indefinite to be enforced as a contract, and that the trial court was without power to make an agreement for the parties concerning terms upon which they themselves had not agreed. Accordingly, says the plaintiff, the court was without power to spread the time for payment of the debt over a period of 36 months. We do not agree.

Even though important terms of the contract were indefinite the trial judge acted properly in supplying

the necessary additions.  In an appropriate case an agreement may be enforced as a contract even though incomplete or indefinite in the expression of some term, if it is established that the parties intended to be bound by the agreement, particularly where one or another of the parties has rendered part or full performance.  Where the price is indefinite, the purchaser may be required to pay and the seller to accept a reasonable price.  Where the time of performance is indefinite, performance may be required to be rendered within a reasonable time. Each case will turn on its own facts and circumstances.  See 1 Corbin on Contracts, §§ 95, 96, 99, 102; 5 Williston on Contracts, § 1459; 1 Williston on Contracts (3d ed), §§ 36, 36A, 40, 41, 49; Restatement, Contracts, § 5.

The relationship between the plaintiff and the defendant is governed by the Uniform Commercial Code (§ 2–204)[1] which provides that "even though one or more terms are left open a contract for sale does not fail for indefiniteness if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy." MCLA § 440.2204 (Stat Ann 1964 Rev § 19.2204). The code policy of authorizing courts to fill in gaps in sales agreements is further reflected by other code provisions concerning indefiniteness as to particular terms.[2]

---

[1] Michigan pre-code law is discussed in Steinheimer, Michigan Sales Law and the Uniform Commercial Code; Steinheimer, Practice Commentary to MCLA § 440.2204.

[2] See MCLA § 440.2305 (Stat Ann 1964 Rev § 19.2305), stating that if the parties so intend they can conclude a contract for sale even though the price is not settled and providing how the price shall be determined in such a case; MCLA § 440.2306 (Stat Ann 1964 Rev § 19.2306) concerning contracts for the seller's output or the buyer's requirements; MCLA §§ 440.2307, 440.2310 (Stat Ann 1964 Rev §§ 19.2307, 19.2310) concerning delivery and when payment is due; MCLA § 440.2308 (Stat Ann 1964 Rev § 19.2308) concerning place of delivery; MCLA § 440.2309 (Stat Ann 1964 Rev § 19.2309)

In determining what constitutes a reasonable time and a reasonable carrying charge, a court must refer throughout to the nature of the contract. In this case there is no need to determine what constitutes a reasonable period for repayment. The parties themselves ultimately agreed to repayment over a period of 36 months. The sole dispute concerned the differential to be charged for deferred payment.

Merely because the parties had not agreed upon the amount of the charge for deferred payment, the trial judge was not obliged to establish interest at the legal rate of 5% per annum. The appropriate charge should have been determined in the light of all the facts and circumstances, having in mind the nature of the contract.[3]

As previously mentioned, this appeal is presented upon an agreed statement of facts; we have not been

_____

concerning the time for shipment or delivery or any other action under a contract.

*Cf.* MCLA § 440.2207 (Stat Ann 1964 Rev § 19.2207) concerning establishment of a contract where the writings of the parties do not agree or otherwise establish a contract; MCLA §§ 440.2312–440.2314 (Stat Ann 1964 Rev § 19.2312–19.2314) concerning warranties.

[3] The agreed statement of facts uses both the terms "carrying charge" and "interest" and we have followed the terminology so adopted by the parties in this opinion as closely as possible in stating the facts and in our discussion of the law. The question whether the defendant has agreed to the payment of a carrying charge or of interest was not briefed or argued.

Accordingly, we have not considered and express no opinion on the questions whether a charge for deferred payment would, on the facts of this case, be exempt from the usury law and whether an *interest* charge in excess of 5% could be awarded in the absence of an agreement in writing. See CL 1948, § 438.51, repealed and replaced by PA 1966, No 326 (MCLA § 438.31 [Stat Ann 1969 Cum Supp § 19.15(1)]).

In this connection see *Matthews* v. *Aluminum Acceptance Corporation* (1965), 1 Mich App 570, 577, *et seq.*, concerning the "time price" doctrine. See, also, Anno: Advance in Price for Credit Sale as Compared with Cash Sale as Usury, 14 ALR3d 1058; Applicability of State Usury Laws to Installment Sales, 62 Mich L Rev 1268 (1964); Section 12 of the Retail Installment Sales Act (PA 1966, No 224 [MCLA §§ 445.857, 445.862, Stat Ann 1968 Cum Supp §§ 19.416(107), 19.416(112)]); this act became effective March 10,

furnished with a transcript of the proceedings in the trial court. In our conference it was suggested that the plaintiff may have waived its right to present evidence on the question of what would constitute an appropriate charge for the use of the money by its failure to have sought an opportunity to do so.

The thrust of the plaintiff's argument both in the trial court and in our Court has been that it is entitled to a judgment for the entire amount owing by the defendant plus interest at 5%. The plaintiff has not challenged the trial judge's adoption of the 5% rate. No request for an evidentiary hearing on the question of what would constitute an appropriate charge for the use of the money was made in plaintiff's petition for rehearing filed with the trial court or in its brief filed with our Court. Indeed, the plaintiff's brief states that when no interest rate is agreed upon "the law will imply the legal rate of interest."

A majority of the panel is inclined to the view that the plaintiff need not now be granted an evidentiary hearing. Accordingly, we affirm. Nevertheless, we all can appreciate that a fair assessment of what occurred before entry of the judgment (as to which we have no transcript) may justify the conclusion that the defendant should have an opportunity to present evidence on that question. The trial judge is in a better position than we to make a determination whether the plaintiff is now entitled to an evidentiary hearing. Although we affirm, the trial judge may grant the plaintiff an evidentiary hearing on the question of what would constitute an appropriate charge for the use of the

1967 and does not affect agreements theretofore executed (MCLA § 445.872 [Stat Ann 1968 Cum Supp § 19.416(122)]).

money and thereafter modify the judgment. We do not retain jurisdiction.

Affirmed. Costs to defendant.

All concurred.