SOLOMAN v WESTERN HILLS DEVELOPMENT COMPANY

Docket No. 77-4932. Submitted November 13, 1978, at Lansing.— Decided January 17, 1979.

Plaintiffs, Emily J. Soloman and George C. Soloman, entered into a purchase agreement with defendant Western Hills Development Company for the purchase of a parcel of real estate and paid $100 in earnest money. The contract called for delivery of a deed in exchange for the purchase price "when plat is recorded". Defendants Claude O. Darby, Jr., Claude O. Darby, Sr., and Darby & Son, Inc., acted as agents for Western Hills in the transaction. The property in question was subsequently conveyed to defendants Ivan A. MacArthur, Robert G. Banwell and Sheila T. Banwell. Western Hills attempted to return the earnest money with an explanation that it had abandoned the development, but plaintiffs insisted upon performance of the agreement and, finally, instituted an action for specific performance or for damages for breach of contract. The Genesee Circuit Court, Earle E. Borradaile, J., granted summary judgment for defendants for failure to state a cause of action, ruling that the agreement was unenforceable because it failed to specify a time for performance. Plaintiffs appeal. *Held:*

The sales agreement created a promise on the part of the seller to record the plat within a reasonable time and the promise is enforceable by the buyers.

Reversed and remanded.

Vendor and Purchaser — Contracts — Real Property — Sales — Interpretation.

A sales agreement for the sale of realty which provides that the sale is to be consummated by delivery of a deed in exchange for the purchase price "when plat is recorded" creates a promise on the part of the seller, enforceable by the buyer, to record the plat within a reasonable time.

*Sanford Kesten,* for plaintiffs.

Reference for Points in Headnote
77 Am Jur 2d, Vendor and Purchaser §§ 65, 67.

*Neithercut, Klapp, Shegos & Dillard,* for defendants.

Before: Cynar, P.J., and R. B. Burns and M. B. Breighner,* JJ.

Per Curiam. Plaintiffs appeal as of right from an October 28, 1977, order granting defendants' motion for summary judgment.

On October 14, 1975, plaintiffs filed suit against defendants seeking specific performance of a real estate purchase agreement with Western Hills Development Company. Alternatively they sought damages for breach of contract. The suit arose as a result of an October 15, 1969, purchase agreement for sale of a lot in the Western Hills Subdivision #5. Defendants Claude O. Darby, Jr., Claude O. Darby, Sr., and Darby & Son, Inc., acted as agents for Western Hills Development Company in this transaction. The agreement stated that the purchase was to be consummated by a delivery of the deed in exchange for the purchase price "when plat is recorded". One hundred dollars in earnest money was paid by plaintiffs as part of this transaction.

Subsequently, Western Hills conveyed the property in question to defendants MacArthur and Banwell who recorded a plat for the subdivision. Efforts were then made to return the $100 to plaintiffs, with the explanation that Western Hills had abandoned the development. However, plaintiffs insisted upon performance of the agreement.

After lengthy discovery, defendants moved for summary judgment on the ground that plaintiffs had failed to state a claim upon which relief can be granted. The trial judge granted defendants'

---

* Circuit judge, sitting on the Court of Appeals by assignment.

motion. He ruled that the October 15, 1969, purchase agreement was not an enforceable contract because it did not specify a time for performance.

We note initially that summary judgment was granted under GCR 1963, 117.2(1) for failure to state a claim upon which relief can be granted. In considering such a motion, the trial judge must limit his examination to the pleadings and must accept as true the facts pled in plaintiff's complaint. *Karakas v Dost,* 67 Mich App 161, 166; 240 NW2d 743 (1976). In the present case, it was proper for the trial judge to examine the purchase agreement in conjunction with the motion for summary judgment. The agreement was attached to plaintiffs' complaint and became part of that complaint "for all purposes". GCR 1963, 113.4.

The crux of this case centers about the validity of the contract between the parties. On appeal plaintiffs contend that there was a binding contract between the parties and that a "reasonable time" requirement should be read into the contract to constitute the time of performance. Defendants agree with the analysis of the trial judge and further contend, as they did below, that their recording of the plat constituted a condition precedent, the nonperformance of which excused their duty of performance.

We disagree with defendants' characterization of the clause "when plat is recorded". The clause does not read "*if* plat is recorded". If it had been so drafted we would agree that the recording of the plat constituted a condition precedent to their duty of performance under the contract. However, as drafted the clause is susceptible to the interpretation that the plat *will* be recorded at some unknown time in the future.

It is a general rule of construction that where a

contract is ambiguous it will be construed against the party preparing it. *Equipment Leasing Corp v Arntz,* 33 Mich App 602, 608; 190 NW2d 305 (1971), *Seaboard Surety Co v Bachinger,* 313 Mich 174, 179; 20 NW2d 854 (1945). In the present case, the purchase agreement consisted of a standard form, filled in by Western Hills' agents. Accordingly, we construe the contract clause as a promise to record the plat at some future time, rather than a condition precedent to defendants' duty of performance under the contract that may be satisfied at their option.[1]

However, the problem still remains as to the date of performance. No particular date is specified in the purchase agreement. For this reason, the trial judge ruled that the contract was unenforceable.

Michigan case law does not favor the destruction of contracts due to indefiniteness. See *Nichols v Seaks,* 296 Mich 154, 159; 295 NW 596 (1941), and *Band v Hazel Park Development Co,* 337 Mich 626, 628; 60 NW2d 333 (1953). Where the time of performance is indefinite, performance may be required to be rendered within a reasonable time. *J W Knapp Co v Sinas,* 19 Mich App 427, 431; 172 NW2d 867 (1969). What constitutes a "reasonable time" depends upon the facts and circumstances of the case, *Knapp, supra,* p 431.

We conclude that such a "reasonable time" requirement should be read into the present con-

---

[1] Defendants rely upon *Carlson v Johnson,* 275 Mich 35; 265 NW 517 (1936), for the proposition that a promise made conditional upon the will of the promisor is unenforceable. *Carlson* involved an intrafamily dispute and a contract that *expressly* indicated that the debt there need not be paid "until such time as he feels that he is able and willing to repay the same". In the present case the controversy arose in a commercial setting. Furthermore, the contract here is devoid of any language expressly reserving for defendants the right to choose the time of performance. Therefore, we decline to follow the holding of *Carlson.*

tract. Therefore, we hold that the parties entered into a valid contract for the sale of property. As part of this contract defendant promised to deliver the deed to the property in exchange for the purchase price at the time the plat was recorded. Implicit in this promise was a promise that the plat would be recorded in a "reasonable time". Since the contract between the parties was valid the trial judge erred in granting defendants' motion for summary judgment.[2]

Reversed and remanded. Costs to plaintiffs.

---

[2] Nothing said herein should be construed as bearing upon the merits of plaintiffs' claims.