OPDYKE INVESTMENT COMPANY v NORRIS GRAIN COMPANY

Docket No. 78-4280. Submitted June 11, 1979, at Detroit.—Decided November 21, 1979.

Opdyke Investment Company brought an action against Norris Grain Company, Detroit Hockey Club, Inc., and Olympia Stadium Corp., to enforce an alleged contract. The suit was based on a letter entitled: "Letter of Intent Re Construction and Operation of 18,000 Seat Arena". The letter stated in part:

"The actual implementation of all agreements will await the drafting and execution of the contracts and leases that will be required to cover the proposed transaction. This letter will serve to express the intention of both parties to seek, in good faith, as soon as practical, the drafting and execution of such documents as may be required to cover all the matters herein expressed and such other matters as may be mutually agreed.

"It is the intention of the signatories to enter into such agreements that would provide essentially the following * * *."

*     *     *

"If this letter properly reflects your understanding of the spirit and intent of what the parties are attempting to achieve, would you please so indicate by signing and returning one copy of this Letter of Intent".

Oakland Circuit Court, Francis X. O'Brien, J., granted accelerated judgment to defendants finding that the letter was not a contract but an unenforceable agreement to agree. Plaintiff appeals. On appeal, plaintiff contends there was a genuine issue of material fact as to whether the letter of intent was to be an unenforceable agreement to agree or a binding contract. *Held:*

1. Plaintiff's complaint based on contract should have been disposed of by a motion for summary judgment instead of a grant of accelerated judgment. The Court of Appeals may treat a defendant's improper motion for accelerated judgment as a

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Pleading § 235.
    73 Am Jur 2d, Summary Judgment § 12 *et seq.*
[2] 17 Am Jur 2d, Contracts §§ 1, 18, 26.
[3] 73 Am Jur 2d, Summary Judgment § 5.

motion for summary judgment where there is no objection and no prejudice to plaintiff. Plaintiff has not objected on appeal and there appears to be no prejudice by treatment of this issue in terms of summary judgment.

2. The language of the letter of intent clearly shows it was not intended to be a binding contract but operated only as an unenforceable agreement to agree. The trial court was correct in finding it to be an unambiguous, unenforceable agreement to agree rather than a binding contract.

Affirmed.

BEASLEY, J., dissented. He would hold that the letter of intent was not free from ambiguity because there were conflicting approaches to the parties' meaning which should have been resolved in a trial. He would reverse the granting of accelerated and/or summary judgment and remand for trial of these issues on the merits.

### OPINION OF THE COURT

1. JUDGMENT — MOTIONS — SUMMARY JUDGMENT — ACCELERATED JUDGMENT — COURT RULES.

   The Court of Appeals may treat a defendant's improper motion for accelerated judgment as a motion for summary judgment where there is no objection and no prejudice to the plaintiff (GCR 1963, 116.1, 117.2).

2. CONTRACTS — INCOMPLETE OR INDEFINITE AGREEMENTS — INTENT TO BE BOUND.

   The law will not make a contract where the parties intended none, nor will the law regard an arrangement as completed which the parties regard as incomplete; however, an instrument is enforceable as a contract even though incomplete or indefinite in some of its terms if it is established that the parties intended to be bound by the agreement.

### DISSENT BY BEASLEY, J.

3. CONTRACTS — AMBIGUITIES — JUDGMENT — SUMMARY JUDGMENT — ACCELERATED JUDGMENT — COURT RULES.

   *Conflicting approaches to the parties' meaning, in determining whether or not a contract exists, are the stuff of which ambiguity is made and if there is ambiguity it is not a case for accelerated or summary judgment under the court rules (GCR 1963, 116.1, 117.2).*

## Vestevich, Dritsas, McManus, Evans, Payne &

*Devine, P.C.* and *Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *William P. Hampton*), for plaintiff.

*Aaron J. Kramer* and *Beier, Howlett, McConnell, Googasian & McCann,* for defendants.

Before: J. H. GILLIS, P.J., and BEASLEY and R. M. RANSOM,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's grant of accelerated judgment in favor of defendants which dismissed two counts of plaintiff's complaint. Plaintiff alleged that a March 11, 1977, letter of intent formed the basis for an enforceable contract between it and defendants. The trial court found the March 11, 1977, letter was not a contract but an unenforceable agreement to agree.

On appeal, plaintiff argues there was a genuine issue of material fact as to whether the parties intended the March 11, 1977, letter of intent to be an unenforceable agreement to agree or a binding contract. We disagree.

We first note that defendants raised the argument of dismissing plaintiff's complaint by a motion for accelerated judgment pursuant to GCR 1963, 116.1. Although the two counts of plaintiff's complaint based on contract should have been disposed of by means of a motion for summary judgment under GCR 1963, 117.2(3), plaintiff has not objected on appeal, and it does not appear to us that plaintiff will suffer any prejudice by this Court's treatment of this issue in terms of summary judgment. See *Warvel v Michigan Commu-*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*nity Blood Center,* 74 Mich App 440, 444; 253 NW2d 791 (1977).

Since plaintiff has come forward with no extrinsic evidence raising an ambiguity, it must be determined if the March 11, 1977, letter of intent is ambiguous on its face so as to give rise to a genuine issue of material fact. The law will not make a contract where the parties intended none, nor will it regard an arrangement as completed which the parties regard as incomplete. *Central Bitulithic Paving Co v Village of Highland Park,* 164 Mich 223, 228; 129 NW 46 (1910). On the other hand, an instrument is enforceable as a contract even though incomplete or indefinite in some of its terms if it is established that the parties intended to be bound by the agreement. *J W Knapp Co v Sinas,* 19 Mich App 427, 431; 172 NW2d 867 (1969).

Our review of the March 11, 1977, letter of intent convinces us the trial court was correct in finding it to be an unambiguous, unenforceable agreement to agree. The letter was entitled: "Letter of Intent Re Construction and Operation of 18,000 Seat Arena". In its introductory paragraphs the letter stated:

"The actual implementation of all agreements will await the drafting and execution of the contracts and leases that will be required to cover the proposed transaction. This letter will serve to express the intention of both parties to seek, in good faith, as soon as practical, the drafting and execution of such documents as may be required to cover all the matters herein expressed and such other matters as may be mutually agreed.

"It is the intention of the signatories to enter into such agreements that would provide essentially the following * * *."

The body of the letter was couched throughout in

tentative language indicating what the parties contemplated agreeing to in the future rather than language indicating present promises and obligations. A number of essential terms were expressly left to future agreement, or were simply lacking. The final paragraph of the letter read:

"If this letter properly reflects your understanding of the spirit and intent of what the parties are attempting to achieve, would you please so indicate by signing and returning one copy of this Letter of Intent."

In our opinion, the language of the March 11, 1977, letter of intent clearly shows it was not intended to be a binding contract but operated only as an unenforceable agreement to agree. See *Professional Facilities Corp v Marks,* 373 Mich 673, 679; 131 NW2d 60 (1964), *Socony-Vacuum Oil Co, Inc v Waldo,* 289 Mich 316, 322-324; 286 NW 630 (1939).

Our resolution of this issue renders any discussion of the other issues raised on appeal unnecessary.

Affirmed.

BEASLEY, J. *(dissenting).* I respectfully dissent.

In response to defendants' motion for accelerated and/or summary judgment, the trial court filed a carefully prepared, written opinion indicating the reasons and supporting authorities for its ruling. The majority affirms the trial court's ruling.

The trial court denied the motion for accelerated judgment based on alleged lack of execution of the March 11, 1977, letter of intent, indicating there were issues of fact. I agree. The trial court granted the motion for accelerated judgment on counts one and two, believing that the letter of intent was too

indefinite to be enforceable as a contract, even if found to be signed or "accepted". I disagree, for reasons hereinafter recited.

The trial court granted the motion for summary judgment under GCR 1963, 117.2(3), asserting absence of acceptance of the letter of intent by delivery back. I disagree.

Last, the trial court denied the motion for summary judgment on count three under GCR 1963, 117.2(1). I agree.

I do not find the March 11, 1977, letter of intent free from ambiguity. The facts regarding the parties' face-to-face negotiations may shed light on their intentions. It should be noted that the interpretation of the letter of intent urged on the trial court and on this Court by defendants-appellees seems to strip the written instrument of any contractual significance. By the same token, it is altogether clear that the letter of intent does not include many matters which would have gone to the heart of the contemplated final contract. These conflicting approaches to the parties' meaning are the stuff of which ambiguity is made. If there is ambiguity, this is not a case for accelerated or summary judgment.

It is possible that, after hearing all the proofs, a fact finder *might* conclude that the parties intended their March 11, 1977, letter of intent to provide reimbursement to plaintiff for expenditures made in furtherance of the project in the event defendant arbitrarily and unilaterally terminated the project.

Such a fact issue does not lend itself to determination by accelerated and/or summary judgment. It may well be that a fact finder would eventually reject plaintiff's claims, but to so find in response to defendants' motion seems premature.

Experience teaches that in actual trial lawsuits take some unusual turns. It is unwise for judges, whether trial or appellate, to try and anticipate all of the proofs regarding this issue. Yet, only by doing so, that is, speculating about the full impact of the proofs, can this part of plaintiff's claim be disposed of and dismissed on motion for accelerated and/or summary judgment.

Consequently, I would reverse the granting of accelerated and/or summary judgment and remand for trial of these issues on the merits.