STROUD v GLOVER

Docket No. 55021. Submitted March 3, 1982, at Lansing.—Decided
October 6, 1982.

Glenna Stroud was employed as a real estate salesperson by Rex
B. Glover, doing business as Glover Real Estate One, Inc.,
under a written employment contract. The contract provided
for its termination by either party "upon notice" given to the
other party. Stroud's employment was terminated and she
brought an action against Glover alleging breach of contract,
claiming that she was entitled to certain unpaid listing commis-
sions. The district court found in favor of plaintiff and awarded
her the amount of the commissions. The Lenawee Circuit
Court, Kenneth B. Glaser, Jr., J., affirmed the district court
judgment and defendant appeals by leave granted. Defendant
alleges that the district court improperly exercised equitable
jurisdiction and that the lower courts erred in construing the
term "upon notice" to mean "upon prior notice". *Held:*

1. The district court did not construe the contract's termina-
tion clause to be a penalty and then grant plaintiff equitable
relief from the forfeiture effect. The district court granted relief
from defendant's breach of contract, and the circuit court did
not err by rejecting defendant's claim that the district court
improperly attempted to grant equitable relief.

2. The term "upon notice" in the contract is ambiguous
regarding the type of notice required and is therefore subject to
judicial interpretation. The district court's interpretation that
the contract called for advance notice prior to termination was
not clearly erroneous.

Affirmed.

E. C. PENZIEN, J., concurred in the result. He would hold
that, under the contract, the plaintiff was entitled to her listing
commissions once she obtained a listing and once a commission
on the sale had been paid to the broker, without regard to the
continued employment of the plaintiff.

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Damages § 269.
[2] 17 Am Jur 2d, Contracts § 276.
[3] 17 Am Jur 2d, Contracts § 329.

1. CONTRACTS — DAMAGES — BREACH OF CONTRACT.

> An action for damages for a breach of contract is an action at law, not in equity.

2. CONTRACTS — JUDICIAL CONSTRUCTION — AMBIGUOUS CONTRACT TERMS.

> An ambiguous writing in a contract is to be construed against the party who drafted it; in construing such a writing the court should determine if possible the true intent of the parties, considering the language employed, its subject matter, and the circumstances surrounding the making of the agreement, and should attempt to effectuate the intent of the parties at the time the agreement was made.

3. WORDS AND PHRASES — UPON — CONTRACTS — JUDICIAL CONSTRUCTION.

> The word "upon" is elastic in meaning and may mean "as soon as", "at the time of", or even "after", depending upon the context in which it is used; therefore, the term "upon notice", used in a contract, is ambiguous regarding the type of notice required and is subject to judicial interpretation.

*Henry H. Newlin,* for plaintiff.

*Hammond, Baker, Kralick & Fraile* (by *Robert J. Fraile),* for defendant.

Amicus Curiae:

Michigan Association of Realtors, by *Dickinson, Wright, Moon, VanDusen & Freeman* (by *Gregory L. McClelland* and *Charles J. Ten Brink).*

Before: M. F. CAVANAGH, P.J., and ALLEN and E. C. PENZIEN,* JJ.

PER CURIAM. Plaintiff sued defendant, alleging damages for breach of contract. Defendant, a real estate broker, and plaintiff, a salesperson, had entered into a contract under which plaintiff was

* Circuit judge, sitting on the Court of Appeals by assignment.

entitled to commissions upon the sale of certain real estate. Defendant maintains that the contract was subsequently terminated, and plaintiff is not entitled to the commissions at issue. The parties stipulated that had the contract not been terminated and had plaintiff continued to act as a listing salesperson, she would have earned $1,803.29 on four real estate transactions. The district court, affirmed by the circuit court, found in favor of plaintiff and awarded her damages in the amount stipulated. Defendant appeals by leave granted.

The district court's conclusion that defendant had breached his contract with plaintiff was based upon the court's finding that plaintiff had not been given the notice of termination required by the contract. The contract provided, in pertinent part:

"1.8 This contract and the association created hereby may be terminated by either party hereto at any time *upon notice* given to the other; * * *." (Emphasis added.)

The court interpreted "upon notice" to mean "upon *reasonable* notice" and found that the defendant's failure to give plaintiff advance notice of termination constituted a breach of the contract. This interpretation was upheld by the circuit court.

On appeal, defendant first argues that the circuit court erred by rejecting defendant's contention that the district court improperly exercised equitable jurisdiction in considering plaintiff's claim. Defendant maintains that plaintiff sought to be relieved from the contract's termination clause on the basis that it constituted an impermissible forfeiture provision and thus, by refusing to apply

the clause as written, the district court granted plaintiff equitable relief.

Defendant appears to misconstrue the respective holdings of the district and circuit courts. The district court did not construe the contract's termination clause to be a penalty and then grant plaintiff relief from its forfeiture effect. The district court's discussion of a penalty was part of its discussion of the proper interpretation to be given to the term "notice" in the termination clause, because the court stated that, if the term were to be construed in defendant's favor, a penalty would result. Properly noting that a contract is to be construed against its drafter, here the defendant, the court construed the contract to require "reasonable notice" and found the defendant in breach of such a requirement.

Since the contract was not construed to contain a penalty provision from which plaintiff was granted relief, the district court did not exceed its jurisdiction and exercise equitable powers. The district court granted plaintiff relief from defendant's breach of contract, and the circuit court clearly affirmed that holding only on the basis of a breach of contract. An action for damages for a breach of contract is historically an action at law, not in equity. *Reith v University Housing Corp,* 247 Mich 104, 108; 225 NW 528 (1929). Therefore, the circuit court was correct in rejecting defendant's contention that the district court attempted to exercise equitable jurisdiction and grant plaintiff equitable relief.

Defendant also argues that the circuit court erred by affirming the district court's interpretation of the term "notice" in the contract. The question the district court had to answer was whether the term "upon notice" meant that defen-

dant could terminate the contract immediately upon giving notice to plaintiff, or whether plaintiff was entitled to prior notice of defendant's intent to terminate the contract, with termination following after a reasonable interval.

As we previously noted, it is a fundamental principle of contract law that an ambiguous writing must be construed against the party who drafted it. *Soloman v Western Hills Development Co,* 88 Mich App 254, 256-257; 276 NW2d 577 (1979); *Stark v Kent Products, Inc,* 62 Mich App 546, 547-548; 233 NW2d 643 (1975). Where a contract is open to construction, it is the duty of the court to determine if possible the true intent of the parties. In determining true intent, a court should consider the language employed in the contract, its subject matter, and the circumstances surrounding the making of the agreement. It should attempt to effectuate the intent of the parties when the agreement was consummated. *Gary Boat Club, Inc v Oselka,* 31 Mich App 465; 188 NW2d 127 (1971).

The circuit court found that the trial court did not err in construing the term "upon notice" to mean "upon *prior* notice". The word "upon" is elastic in meaning and may mean "as soon as", "at the time of", or even "after", depending upon the context in which it is used. *Sanford v Luce,* 245 Iowa 74, 77; 60 NW2d 885, 886 (1953). See *Kirk v United States,* 185 F2d 185 (CA 9, 1950). Since the term "upon notice" is ambiguous regarding the type of notice required, we find that the district and circuit courts correctly held that the contract's termination clause was subject to judicial interpretation. The district court's interpretation that the clause called for advance notice prior to termination of the contract may be reversed

only if clearly erroneous. The circuit court affirmed the district court's interpretation, and we find no error of law in such affirmance.

Affirmed. Plaintiff may tax costs.

E. C. PENZIEN, J. *(concurring).* I concur in the result reached in this matter for the reason that, as I read the agreement between the plaintiff and the defendant, the plaintiff was entitled to her listing commissions once she obtained a listing and once a commission on the sale had been paid to the broker. I do not read the contract as requiring that plaintiff's employment continue through the date of sale or the date of collection of the commissions.