ELLIS *v.* WAYNE REAL ESTATE COMPANY.

1. MORTGAGES—CONSTRUCTION OF DEED—PAROL EVIDENCE.
   It is competent to show by parol that a deed, absolute in form, was in fact made as security for a loan.

2. SAME—CONSTRUCTION OF DEED—EVIDENCE.
   The proof required of a plaintiff in a suit to have a deed, absolute in form, declared a mortgage should be clear and convincing and sufficient to overcome the presumption that the instrument truly represents the transaction in its entirety.

3. SAME—CONSTRUCTION OF DEED—INADEQUACY OF CONSIDERATION.
   The fact that there was a considerable inadequacy of consideration and the fact that originally the plaintiffs had sought a loan while financially embarrassed are deemed of weight and importance in determining whether a deed, absolute in form, was a mortgage.

4. SAME—CONSTRUCTION OF DEED—CONSIDERATION—USURY.
   Transaction whereby plaintiffs gave a quitclaim deed to defendants who furnished a consideration of $4,800 and gave plaintiffs the privilege of reacquiring the place for $7,878.47, *held*, to constitute a loan secured by a mortgage, no question of usury having been raised.

Appeal from Wayne; McDonald (Archie D.), J., presiding. Submitted April 10, 1959. (Docket No. 36, Calendar No. 47,888.) Decided July 14, 1959.

REFERENCES FOR POINTS IN HEADNOTES

[1]  36 Am Jur, Mortgages §§ 136–146.
   Exception to rule of admissibility of parol evidence to show that deed absolute on its face was intended as a mortgage.  111 ALR 448.
[2]  36 Am Jur, Mortgages §§ 132, 133.
[3]  36 Am Jur, Mortgages §§ 148, 153.

Bill by Veronica T. Ellis, the surviving plaintiff, and Theodore A. Ellis against Wayne Real Estate Company, a copartnership, Tom Donigan and Leo Donigan, partners, to declare deed, assignment and land contract a mortgage loan transaction. Bill dismissed. Plaintiffs appeal. Reversed and remanded for entry of decree granting relief prayed.

*George L. Ginger* (*Meyer Weisenfeld*, of counsel), for plaintiffs.

*Taylor, Patrick, Bailer & Lee* (*George E. Lee*, of counsel), for defendants.

Plaintiffs seek decretal declaration that a quitclaim deed executed by them in favor of defendants as grantees, and a simultaneously executed land contract naming plaintiffs as vendees and defendants as vendors (the subject matter of each instrument being plaintiffs' home property in Detroit), unitedly evidence a loan of money secured by equitable mortgage. From a decree dismissing the bill, plaintiffs appeal.

Originally, plaintiffs were purchasing the home from other parties by executory contract. The then agreed purchase consideration was $6,300, which plaintiffs had reduced to an unpaid balance of approximately $3,400. In September of 1954, following default by plaintiffs and institution of forfeiture proceedings by the original vendors, the latter obtained a possessory judgment against plaintiffs. The final day for redemption being imminent, plaintiffs unsuccessfully sought refinancing assistance of banks and other lending institutions. Thereupon, responding to an advertisement of defendant Wayne Real Estate Company, plaintiffs arranged a hurried meeting with defendant Tom Donigan; their purpose being that of obtaining a loan

with which to redeem from such judgment. The meeting resulted in execution of the 2 instruments mentioned above. Defendants thereupon satisfied the possessory judgment and paid out other items in plaintiffs' behalf, including delinquent taxes and a loan to plaintiffs theretofore made by one Patsalis.* The total amount paid by defendants on such account was $2,528. They have not as yet acquired the remaining equity of the original vendors, the possessory judgment having been entered for unpaid instalments rather than for an accelerated balance.

The new executory contract specified an agreed sale price of $7,500. Shortly after consummation of the new transaction the sum of $378.47 was added to the unpaid principal balance of the new contract. This was done by supplemental agreement of the parties, and was brought about by representation of defendants that the total amount of unpaid taxes had been under-calculated in making up the determination of amount to be paid under the new contract.

Plaintiffs made 6 monthly payments as called for by the new contract. Default then occurred, and defendants instituted forfeiture proceedings. To arrest such proceedings, and to obtain decretal relief as mentioned, plaintiffs thereupon filed this bill.

BLACK, J. (*after stating the facts*). We think this case is governed properly by the conclusions and authorities assembled in *Schmidt* v. *Barclay,* 161 Mich 1 (20 Ann Cas 1194). In that case (p 11), by way of quotation from *McArthur* v. *Robinson,* 104 Mich 540, 549, 550, it was said:

---

* Patsalis had loaned plaintiffs $500 on their note, secured by an assignment of plaintiffs' interest as shown by the original executory contract.

" 'It is settled that it is competent to show by parol that a deed absolute in form was in fact made as security for a loan. *McMillan* v. *Bissell,* 63 Mich 66, 69, 70. It is true that in this class of cases the proof ought to be clear and convincing, and sufficient to overcome the presumption that the instrument in question truly represents the transaction in its entirety; but, in weighing the testimony in such cases, the fact that there was a considerable inadequacy of consideration, which fact appears in this case, as well as the fact that the original application was for a loan, which appears beyond question to have been the fact here, are deemed of weight and importance in determining the main question. See 1 Jones, Mortgages (6th ed), §§ 266, 329.' "

Here the embarrassed circumstances of the grantors, one of whom (Theodore Ellis) was suffering at the time from a fatal illness, was shown with convincing clarity. Here, too, "there was a considerable inadequacy of consideration"[*] as well as callous disparity between the cash investment by defendants and the exacted repurchase price. These items we shall presently consider in detail. Finally, and since these grantors did seek assistance from the defendants for the purpose of obtaining a loan with which to redeem, and not for the purpose of selling their home, a fair case was made below for application of the beneficent rules this Court has adopted (see *Schmidt* v. *Barclay, supra,* at pages 11 and 12 of report) from *Reed* v. *Reed,* 75 Me 264. Such rules are quoted at length in *Schmidt* and, due comparison having been made, it will be seen that they merely complement that which led this Court, in *Emerson* v. *Atwater,* 12 Mich 314, to reverse for entry of

---

[*] We have recently noted, in *Sheets* v. *Huben,* 354 Mich 536, 540, that inadequacy of consideration "is an indication that the parties did not consider the conveyance to be absolute," citing *Simington* v. *Goldstein,* 330 Mich 536; and *Schmidt* v. *Barclay, supra.*

decree in favor of the then complainant. In *Emerson* Mr. Justice MANNING wrote as follows (p 317):

"The bill was filed to have a deed given by complainant to Atwater declared a mortgage. In such cases the pecuniary embarrassment of the grantor, his indebtedness to the grantee, and inadequacy of consideration, are circumstances the court looks to in determining the true character of the instrument. They were all set forth in the bill. And of the 3, inadequacy of consideration is the most important. For without that, why declare a deed a mortgage? No good would come of it; and there would be nothing to warrant the inference of undue advantage, always relied on by the court, and made the basis of its action in this class of cases."

This case, properly summarized, is one where the plaintiffs purportedly conveyed their home, against which there existed a total indebtedness (unpaid taxes and all including the Patsalis note) of $4,800, in return for the privilege of reacquiring it for $7,878.47. To put it bluntly, defendants claim they have acquired legal title to plaintiffs' home for a total of past and prospective expenditures—that already made plus the amount yet to be paid the original vendors—of $4,800. The home having been valued according to the testimony at prices ranging between $6,000 and $9,500, and defendants themselves by the executory instrument having placed a value on it of $7,847.47, it seems manifest that affirmance of the circuit court's decree would do violence to the principles by which this and other courts determine the true effect of conveyances executed in like circumstances.

Reversed and remanded for entry of decree adjudging that the instruments in question constitute

a loan secured by mortgage.*    Costs to surviving plaintiff, Veronica T. Ellis.

Dethmers, C. J., and Carr, Kelly, Smith, Edwards, Voelker, and Kavanagh, JJ., concurred.

---

* To avoid possible misunderstanding of the scope of our opinion in this case, it is noted that no question of usury has been raised. See, on that score, *Wilcox* v. *Moore,* 354 Mich 499.