GREEN v. COPCO STEEL AND ENGINEERING COMPANY

PENSIONS — TRUSTS — DISTRIBUTION OF FUNDS — EQUITY — DIS-
MISSAL AND NONSUIT.
    Equity action by former employees of a steel company to deter-
    mine their rights in a pension plan trust fund and to decree
    distribution of their shares was properly dismissed with prej-
    udice where the pension plan agreement provided that no
    employee prior to his retirement shall have any interest in the
    fund.

Appeal from Wayne, Joseph A. Moynihan, Jr., J.
Submitted Division 1 February 12, 1970, at Detroit.
(Docket No. 6,126.)   Decided February 23, 1970.
Leave to appeal denied August 25, 1970.   383 Mich
821.

Complaint by Dorothy N. Green and others against
Copco Steel and Engineering Company, a Michigan
corporation, United Steel Workers Union, AFL–
CIO, an unincorporated association, Local 2652,
United Steelworkers Union, AFL–CIO, an unincor-
porated association, and the National Bank of De-
troit, a national banking association, for a deter-
mination of their rights in the assets of a pension
plan trust fund and to decree distribution of their
shares in that fund and for other incidental relief.
Summary judgment for defendants.   Plaintiffs ap-
peal.   Affirmed.

REFERENCE FOR POINTS IN HEADNOTE
  40 Am Jur, Pensions §§ 24, 38.

*Dann, Rosenbaum, Bloom & Kaufman (John Safran,* of counsel), for plaintiffs on appeal.

*Kasoff, Young, Gottesman & Kovinsky,* for defendants United Steel Workers Union, AFL–CIO, and Local 2652, United Steelworkers Union, AFL–CIO.

*Beaumont, Smith & Harris (Dorr F. Lovett,* of counsel), for defendants Copco Steel and Engineering Company and National Bank of Detroit.

Before: QUINN, P. J., and R. B. BURNS and FITZ-GERALD, JJ.

PER CURIAM. Defendants' motions for summary judgment were granted below and a judgment dismissing plaintiffs' action with prejudice was entered. Plaintiffs appeal.

Plaintiffs are former employees of defendant Copco Steel and members of defendant union. September 15, 1950, Copco Steel and the union, as the collective bargaining representative of plaintiffs and others similarly situated, entered into an agreement which, among other things, established a pension plan for the employees of Copco. The plan required Copco to contribute 7–1/2 cents per hour for each hour worked by the employees included in the plan. These contributions were deposited in a trust fund created to carry out the purpose of the pension plan. Defendant bank was the trustee.

The purpose of the pension plan agreement was stated as:

"The object of the pension plan set forth herein is to provide pension benefits for employees (as herein defined) of the Copco Steel and Engineering Company. The benefits under the plan are to supplement

those provided under the Federal Social Security Act, as amended."

The agreement specifically provided that "there shall be no contributions under the plan by any employee", and

"No employee prior to his retirement under conditions of eligibility for pension benefits shall have any right or interest in or to any portion of any funds which may be paid into any trust fund established for the purpose of paying pensions and no employee or pensioner shall have any right to pension benefits except to the extent provided in this plan."

The agreement of September 15, 1950 has been amended and extended by supplemental agreements subsequent to its inception date, and the plan is in effect to date. Its purpose, its prohibition of contributions by employees and its restriction of employee right or interest in the pension fund to pension benefits has not been altered.

Plaintiffs' action in chancery (filed March 2, 1962) sought the aid of equity to determine their rights in the assets of the fund and to decree distribution of their shares therein and for other incidental relief.

In granting summary judgment, the trial court found "that there is no genuine issue as to any material fact". GCR 1963, 117.2(3). In context with the written opinion filed by the trial judge, it is implicit in this finding that plaintiffs sought relief contrary to the clear and unequivocal provisions of the pension plan agreement. This they cannot do. *George v. Haber* (1955), 343 Mich 218; *Borngesser v. United Dairy Workers Pension Fund Committee* (1965), 375 Mich 697.

Affirmed with costs to defendants.