KOENIG v VAN REKEN

Docket No. 77-4176. Submitted October 4, 1978, at Lansing.—Decided March 19, 1979.

Helen Koenig brought an action against Stanley R. Van Reken, Harriett E. Van Reken and Michigan National Bank seeking a judgment declaring a deed executed by her to defendants Van Reken to be an equitable mortgage, or money damages for unjust enrichment. Plaintiff alleged that she was delinquent in her real estate taxes and was facing foreclosure on one of the three mortgages encumbering her home. Plaintiff further alleged that she executed the warranty deed to the home, along with a lease-repurchase option, in the belief that Stanley Van Reken would, for a fee of 10%, "service" the mortgages and pay the delinquent taxes. In 1972, plaintiff defaulted in the monthly rental payment due under the lease, and she was evicted from the home by defendants.

In response to plaintiff's complaint, defendants Van Reken moved for summary judgment on the ground that plaintiff had failed to state a claim upon which relief could be granted. The Oakland Circuit Court, James S. Thorburn, J., granted the motion. Plaintiff appeals only the dismissal of the equitable mortgage count. *Held:*

1. A motion for summary judgment on the ground that plaintiff failed to state a cause of action upon which relief can be granted tests the legal sufficiency of the pleadings alone, and should be granted only where, accepting all well-pleaded facts as true, the claim is unenforceable as a matter of law.

2. The facts pled in plaintiff's complaint were sufficient, as a matter of law, to establish the claim that the deed was intended to be an equitable mortgage.

Reversed and remanded for trial.

1. MOTIONS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM — SUFFICIENCY OF PLEADINGS — COURT RULES.

A motion for summary judgment on the ground that plaintiff

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 29.
[2] 55 Am Jur 2d, Mortgages § 181.
[3] 55 Am Jur 2d, Mortgages §§ 11, 32, 33.

failed to state a claim upon which relief can be granted challenges the legal sufficiency of the pleadings alone, and is to be tested by whether, accepting all well-pleaded facts as true, the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. MORTGAGES — EQUITABLE MORTGAGES — DEEDS — EQUITY.
   A court of equity, when determining whether a deed absolute on its face is a mortgage, looks to the intention of the parties.

3. MORTGAGES — EQUITABLE MORTGAGES — DEEDS — EQUITY.
   The financial condition of the grantor, coupled with the inadequacy of the purchase price of the property, is sufficient to establish a deed absolute on its face to be an equitable mortgage.

*Hampton, Snavely, Ranno, Lightbody & Girard,* for plaintiff.

*Glazer & Cotton,* for defendant.

Before: V. J. BRENNAN, P.J., and ALLEN and P. F. O'CONNELL,* JJ.

V. J. BRENNAN, P.J. In October of 1974, plaintiff Helen Koenig brought suit in Oakland County Circuit Court to have a warranty deed executed by her to defendants Van Reken declared an equitable mortgage. The original complaint was later supplemented to add a count against the defendants for unjust enrichment. The defendants moved for a summary judgment under GCR 1963, 117.2(1) claiming that the plaintiff failed to state a claim upon which relief could be granted. The plaintiff appeals by right the lower court's granting of the defendants' motion, but contests only the dismissal of the equitable mortgage count. Our review is thus limited to the question of whether

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the trial court under GCR 1963, 117.2(1) properly dismissed the action regarding the imposition of an equitable mortgage.

A motion based on GCR 1963, 117.2(1) challenges the legal sufficiency of a plaintiff's complaint and is to be considered by an examination of the pleadings alone. It is the duty of the reviewing court to accept as true the well-pleaded facts in the plaintiff's complaint and determine whether those claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Merit Electric Co, Inc v J Boyle, Inc,* 77 Mich App 503; 258 NW2d 539 (1977), *Three Lakes Ass'n v Whiting,* 75 Mich App 564; 255 NW2d 686 (1977), *Stewart v Troutt,* 73 Mich App 378; 251 NW2d 594 (1977).

Accordingly, the factual situation comprising the subject matter of the present appeal is derived from the various allegations in the plaintiff's complaint.

In 1970, plaintiff owned a home in Oakland County with a market value of $60,000 that was encumbered by three mortgages totaling $25,933.26. The real estate taxes on plaintiff's home had become delinquent and foreclosure proceedings had begun on one of the mortgages. Plaintiff was then approached by defendant, Stanley Van Reken, who proposed that for a fee of 10% he would "service" the mortgages and pay the delinquent taxes. Subsequently, on June 16, 1970, plaintiff and defendant Stanley Van Reken executed three documents that form the basis of this action.

The first of these documents, entitled "AGREEMENT", stated that plaintiff desired to prevent the loss of her home and provided that defendant Stanley Van Reken purchase the property, redeem

it from tax sale and mortgage foreclosure, and give plaintiff an exclusive right to repurchase according to the terms of a lease-option agreement that was also executed between the parties.

The second document was a warranty deed which conveyed the property from plaintiff to defendants for a stated consideration of $28,600. Plaintiff alleges that the deed was silent as to consideration when she signed it, that the figure of $28,600 was added subsequently, and that she never received any such consideration.

The third document provided that Stanley Van Reken was to lease the premises to plaintiff for a 3-year period at a fixed monthly rent of $300. Plaintiff was also to receive an exclusive option to repurchase the premises during the term of the lease for a price of $32,318.79, with a downpayment of $3,500 and monthly payments of $300 which were to include taxes, insurance, principal and interest.

At no time during the negotiations that led to the execution of these documents was plaintiff represented by an attorney, and all three documents were prepared by Stanley Van Reken.

The parties operated under the lease from June 16, 1970, to February, 1972, and during this time plaintiff made total payments of $5,800. In February, 1972, plaintiff defaulted in a monthly rental payment. Plaintiff was thereupon evicted from the home.

The defendants argue on appeal that the subject transaction cannot be deemed to create an equitable mortgage since it has not been alleged that the deed was given to secure an obligation owed by the plaintiff to the defendants. The defendants contend that the "obligation owed" is a necessary requisite

to establish an equitable mortgage "as a matter of law".

The defendants' argument not only shows a lack of understanding of the nature and purpose of equitable relief but overlooks well-established Michigan case law on point. The court of equity protects the necessitous by looking through form to the substance of the transaction. Although no set criterion has been established, the controlling factor in determining whether a deed absolute on its face should be deemed a mortgage is the intention of the parties. *Sheets v Huben,* 354 Mich 536; 93 NW2d 168 (1958), *Miskinis v Bement,* 301 Mich 365; 3 NW2d 307 (1942). Such intention may be gathered from the circumstances attending the transaction including the conduct and relative economic positions of the parties and the value of the property in relation to the price fixed in the alleged sale. 59 CJS, Mortgages, §§ 35, 36, pp 69-73. Under Michigan law, it is well settled that the adverse financial condition of the grantor, coupled with the inadequacy of the purchase price for the property, is sufficient to establish a deed absolute on its face to be a mortgage. *Ellis v Wayne Real Estate Co,* 357 Mich 115; 97 NW2d 758 (1959), *McLaughlen v Majestic Development Corp,* 247 Mich 498; 226 NW 256 (1929).

In *Ellis, supra,* the plaintiffs initially sought a loan from defendant to save their home from forfeiture. After hurried negotiations, the plaintiffs executed a quit claim deed to defendant and simultaneously entered into a land contract under which the plaintiffs were to repurchase the property. The defendant then satisfied a default and paid the delinquent taxes. In noting the discrepancy between the price paid by the defendant and the value of the property, the Court held that the

transaction constituted a loan by defendant secured by a mortgage on the property.

In taking the plaintiff's well-pleaded facts in the present case as true, there is a close parallel with *Ellis, supra.* Here the plaintiff, while in financial distress, sought help from the defendants in saving her home from foreclosure. Although plaintiff was not desirous of selling her home, she entered into a transaction which conveyed her equity worth over $30,000 for less than $4,000. While financial embarrassment of the grantor and inadequacy of consideration do not provide an infallible test, they are an indication that the parties did not consider the conveyance to be absolute. *Grant v Van Reken,* 71 Mich App 121; 246 NW2d 348 (1976).[1] We note that the lease-back arrangement entered into by the parties effectively circumvented the right to redeem, which is designed to protect purchasers such as plaintiff in times of financial crisis. In applying these facts to the aforementioned case law, it could be found without difficulty that the subject transaction constituted a mortgage to secure a loan in the amount of defendants' initial expenditure.

We reverse the order granting summary judgment in favor of the defendant on the equitable mortgage count and remand for trial on this issue.

[1] In *Grant* (a case involving Stanley Van Reken, the same defendant herein), the Court found an equitable mortgage based on a transaction strikingly similar to the one presented in the case at bar.