BANK OF THE COMMONWEALTH v CRIMINAL JUSTICE
INSTITUTE

Docket No. 47381. Submitted June 16, 1980, at Detroit.—Decided
December 3, 1980.

The Criminal Justice Institute (CJ) is a public body corporate
created by the agreement of 33 "public agencies" who are
unnamed defendants. CJ entered into a trust agreement with
Bank of the Commonwealth concerning a pension plan for CJ
employees. Commonwealth brought an interpleader action re-
garding disbursement of the fund and naming CJ, the "public
agencies" who were parties to the agreement, and the beneficia-
ries of the trust agreement. Upon the motion of Commonwealth
and without objection by any party, an attorney was appointed
to represent the beneficiaries. The beneficiaries filed a counter-
claim against Commonwealth and a crossclaim against CJ and
the public agencies. The Wayne Circuit Court, Michael L.
Stacey, J., granted summary judgment against the beneficiaries
and awarded attorney fees to the attorney appointed to repre-
sent them. The beneficiaries appeal and the CJ cross-appeals
the award of attorney fees. *Held:*

1. The trust agreement provided for rights in the fund to vest
in a beneficiary after an employee had completed five continu-
ous years of service. When CJ terminated operations, no em-
ployee had five continuous years of service. Pension plan agree-
ments are treated as contracts to which general contract princi-
ples apply. The expression of intent to qualify under the
provisions of the Internal Revenue Code, one of which requires
distribution, does not circumvent the clear language requiring
five continuous years of service for rights in the trust property
to vest.

2. A motion for summary judgment on the ground that

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Contracts § 240 *et seq.*
[2] 60 Am Jur 2d, Pensions and Retirement Funds §§ 47 *et seq.*, 74.
[3] 61 Am Jur 2d, Pleading §§ 229 *et seq.*, 250.
[4] 17 Am Jur 2d, Contracts § 241.
[5, 6] 20 Am Jur 2d, Costs §§ 84, 85.
[6] 76 Am Jur 2d, Trusts §§ 653-660.

plaintiff failed to state a claim upon which relief can be granted challenges the legal sufficiency of the pleadings alone and is to be tested by whether, accepting all well-pleaded facts as true, the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover; however, in an action based upon a contract the court may examine the contract in conjunction with the motion for a summary judgment.

3. Attorney fees may not, as a general rule, be awarded as costs unless authorized by statute or court rule. However, equity has inherent power to require payment of attorney fees from a trust where the result is beneficial to the trust. The statute providing for the payment by a trust for expenses incurred in maintaining or defending any action to construe a trust or protect it or the property generally applies to the fees for the attorney representing the trustee but may apply to the fees for the attorney representing parties wishing the trust construed to include them. The award of attorney fees was proper.

Affirmed.

1. CONTRACTS — CONSTRUCTION OF CONTRACTS — INCORPORATION BY REFERENCE.

The clear and unambiguous language in a contract is not circumvented by an expressed intent in the contract to qualify under an Internal Revenue Code Section in conflict with the clear and unambiguous language.

2. CONTRACTS — PENSION PLAN AGREEMENTS.

Pension plan agreements are treated as contracts to which general contract principles apply.

3. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM — CONTRACTS.

A motion for summary judgment on the ground that plaintiff failed to state a claim upon which relief can be granted challenges the legal sufficiency of the pleadings alone and is to be tested by whether, accepting all well-pleaded facts as true, the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery; however, in an action based upon a contract, the court may examine the contract in conjunction with the motion for a summary judgment.

4. CONTRACTS — CONSTRUCTION OF CONTRACTS — PENSION PLAN AGREEMENTS — EQUITY.

Clear and unambiguous language of a contract is to be construed

according to its plain sense and meaning; equity has no power to contravene the clear and unambiguous provisions of a pension plan agreement.

5. COSTS — ATTORNEY FEES — EQUITY — TRUSTS.

Attorney fees may not, as a general rule, be awarded as costs unless authorized by statute or court rule; however, equity has inherent power to require payment of attorney fees from a trust where the result is beneficial to the trust.

6. COSTS — ATTORNEY FEES — TRUSTS — STATUTES.

The statute providing for the payment by a trust for expenses incurred in maintaining or defending any action to construe a trust or protect it or the property generally applies to the fees for the attorney representing the trustee but may apply to the fees for the attorney representing parties wishing the trust construed to include them (MCL 555.63[c][2]; MSA 26.79[13][c][2]).

*Raymond A. Koltys,* for John H. Marshall and all beneficiaries of the trust agreement between the Criminal Justice Institute and the Bank of the Commonwealth.

*Tyler & Canham, P.C.,* for the Criminal Justice Institute.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gerald F. Young* and *Paul J. Zimmer,* Assistants Attorney General, for the State of Michigan.

Before: N. J. KAUFMAN, P.J., and CYNAR and J. E. TOWNSEND,* JJ.

N. J. KAUFMAN, P.J. On September 4, 1979, an order of summary judgment was entered in Wayne County Circuit Court against cross-plaintiffs, the claimed beneficiaries of a trust fund agreement, GCR 1963, 117.2(1). At the same time, a motion was granted awarding attorney fees to the attorney who was appointed by the court to represent

* Circuit judge, sitting on the Court of Appeals by assignment.

these claimed beneficiaries. It is from the granting of both these motions that cross-defendants now appeal.

The controversy surrounding the claimed error in the grant of summary judgment concerns a pension plan that was instituted by cross-defendant Criminal Justice Institute, hereinafter referred to as CJ. Bank of the Commonwealth was named trustee of the pension plan assets which were to be held in trust for the benefit of certain CJ employees. The language of the plan specifically provided that no rights would vest in the plan until covered employees had completed five continuous years of service. CJ also retained the right to revoke or amend the trust pursuant to the provisions of the pension plan agreement. When CJ terminated, no employee had performed five continuous years of service.

We find no merit in cross-plaintiffs' claim that provisions of § 401(a) of the Internal Revenue Code, requiring distribution, were incorporated by reference into the Pension Plan. Although CJ expressed an intent that the plan constitute a qualified plan under the provisions of the Internal Revenue Code, we find that Code provisions cannot be incorporated into the plan in order to circumvent the clear and unambiguous language contained therein. We also find no merit in cross-plaintiffs' claims of unjust enrichment. Since the language of the pension plan provided that no rights would vest until after five continuous years of service, and as cross-plaintiffs do not allege that any of the beneficiaries of the trust performed such required service, cross-defendants will not be unjustly enriched if the pension plan funds are distributed in accordance with the terms of the plan.

The Michigan courts have consistently treated pension plan agreements as contracts to which general contract principles apply. *Borngesser v United Dairy Workers Pension Fund Committee,* 375 Mich 697; 135 NW2d 381 (1965), *George v Waber,* 343 Mich 218; 72 NW2d 121 (1955), *Green v Copco Steel & Engineering Co,* 22 Mich App 16; 176 NW2d 690 (1970).

In *Cotter v Blue Cross & Blue Shield of Michigan,* 94 Mich App 129; 288 NW2d 594 (1979), the Court set forth the following standard for testing the sufficiency of a motion for summary judgment brought under GCR 1963, 117.2(1) when the case is based upon an underlying contract:

"GCR 1963, 117.2(1) states that the movant is entitled to summary judgment in his favor when the opposing party has failed to state a claim upon which relief can be granted. A motion based on GCR 1963, 117.2(1) challenges the legal sufficiency of a plaintiff's complaint and is to be considered by an examination of the pleadings alone. It is the duty of the reviewing court to accept as true the well-pleaded facts in the plaintiff's complaint and determine whether those claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Koenig v Van Reken,* 89 Mich App 102, 104; 279 NW2d 590 (1979). In a case based upon contract, as here, the court may examine the contract in conjunction with the motion for summary judgment. *Soloman v Western Hills Development Co,* 88 Mich App 254, 256; 276 NW2d 577 (1979)." *Cotter v Blue Cross & Blue Shield of Michigan, supra,* 135-136.

In their motion for summary judgment, cross-defendants argued that as it was undisputed that none of the counter-plaintiffs had performed five years of continuous service, none of the beneficia-

ries of the trust had asserted a claim upon which relief could be granted.

It is a general principle of contract law that where the provisions of a contract are clear and unambiguous, the contract language is to be construed according to its plain sense and meaning. *New Amsterdam Casualty Co v Sokolowski,* 374 Mich 340; 132 NW2d 66 (1965).

Cross-plaintiffs call upon the aid of equity to determine their rights in the assets of the fund. However, in *Green v Copco Steel, supra,* the Court unequivocally stated that equity has no power to contravene the clear and unambiguous provisions of a pension plan agreement.

Because we agree that the contract in the case before us was likewise clear upon its face and further agree that cross-defendants were not unjustly enriched when the fund was retained by them, we affirm the circuit court's grant of summary judgment.

The second issue raised on appeal, the grant of attorney's fees to the cross-plaintiffs' attorney, creates greater difficulties. A brief explanation of said attorney's entry into the case in issue is appropriate here. Cross-plaintiffs' attorney did not represent any of the parties to this litigation prior to being ordered to do so. By court order, he became the representative of the known and unknown beneficiaries of the trust fund and the past and present employees of CJ.

As a general rule, attorney fees may not be awarded as costs unless authorized by statute or court rule. *GRP, Ltd v United States Aviation Underwriters, Inc,* 70 Mich App 671, 680; 247 NW2d 583 (1976). However, Michigan courts have recognized certain exceptions to this general rule. In *Merkel v Long,* 375 Mich 214; 134 NW2d 179

(1965), the Court declared that equity has inherent power to require payment of attorney fees from a trust where the result is beneficial to the trust (dicta). The trial judge's action in appointing an attorney for cross-plaintiffs and awarding fees to him may be likened to an appointment of an attorney to aid in the interpretation of such trust so that the distribution of the assets can be properly determined. MCL 555.63(c)(2); MSA 26.79(13)(c)(2) provides for expenses incurred in maintaining or defending any action to construe the trust, or protect it or the property or assure the title of any trust property. While we realize that this language generally applies to attorney fees for the attorney representing the trustee, we also note that the nature of our legal system is adversarial, and that the award of fees to an attorney representing those wishing to construe a trust to include them is not wholly inappropriate. With two parties, each claiming an interest in a corpus in the nature of a trust, we feel that an adversarial proceeding was the best way to allow the court to view both sides. The appointment of the attorney and the award of fees in this situation was a method of arriving at the proper construction of the trust.[1]

A recent Federal case, *United Operating Co v Karnes,* 482 F Supp 1029 (SD NY, 1980), is somewhat on point in this matter. There plaintiff brought a derivative action against corporate directors for giving discounts in order to obtain business. Eventually plaintiff's counsel came to the conclusion that it would not be in the best interest

---

[1] We note that the appointment of an attorney to represent those claiming to be trust beneficiaries was first requested by trustee, Bank of the Commonwealth. It is, thus, even more clear that such appointment was for the purpose of properly construing the trust and could, therefore, easily fall within the provisions of MCL 555.63(c)(2); MSA 26.79(13)(c)(2).

of the corporation and its shareholders to continue the action, and its dismissal was approved. There was, however, vigorous disapproval concerning the payment of any fee to plaintiff's counsel. The propriety of the requested fee was the only issue remaining in this case. There, the court stated the issue as being addressed to the discretion of the court in the exercise of its equitable powers. Plaintiff's counsel maintained that the corporation had received substantial benefit as a result of the litigation in rectifying its accounting procedures and controlling illegal discounts. The court stated:

"While this is undoubtedly of some benefit to the company and its shareholders, however, in light of the realities of the market place, it cannot be said to be an income producing one. Indeed, the major benefit to the company is the termination of this expensive and time-consuming litigation." *Id.,* 1031.

Plaintiff's counsel was awarded fees and costs, such as the court deemed reasonable.

In the case before us, the trustee bank commenced litigation by filing an interpleader suit. The past and present employees were made defendants in that suit. Upon the motion of trustee bank and without objection by any defendant, an attorney was appointed by the court to represent past and present employees as well as unknown beneficiaries of the trust fund. The lower court adjudicated their rights and brought the litigation to a close. At the end of the proceedings, said attorney took the stand and testified to the amount of work he had done. He was cross-examined by opposing counsel. His requested fees were found by the court to be reasonable.

Trustee bank, having requested the court appointment of a legal representative for defendant

beneficiaries, and defendant governmental bodies, by not opposing such appointment, under circumstances where the compensation of such legal counsel for the funds under court control reasonably should have been expected, should not now be permitted to oppose court approval of reasonable attorney fees for appointed counsel from such funds.

We believe that the attorney in question relied upon the powers of the court in ordering his appointment. We further believe that he fulfilled his duties in adequately representing cross-plaintiffs to aid these litigants, but also in the reasonable expectation of being remunerated for his services. This Court is accustomed to balancing equitable and statutory rights. See *Michigan Republican State Central Committee v Secretary of State,* 408 Mich 931, 932; 292 NW2d 134 (1980) (COLEMAN, C.J.).

On balance, here, we believe that principles of equity must prevail over strict statutory interpretation. We, therefore, find that fairness demands our upholding the award of attorney fees as being within the discretion of the trial court.

Affirmed. No costs, neither side having prevailed in full.