STEELE v COLD HEADING COMPANY

Docket Nos. 60187, 61066. Submitted November 8, 1982, at Detroit.—
Decided March 3, 1983.

Plaintiff, James A. Steele, brought an action in the Wayne
Circuit Court following his discharge from employment with
defendant, Cold Heading Company, due to excessive absentee-
ism. Plaintiff alleged breach of contract based on defendant's
failure to pay plaintiff a yearly bonus based on defendant's
profits for the fiscal year within which plaintiff was discharged.
The trial court, Myron H. Wahls, J., granted defendant's mo-
tion for summary judgment based on the failure to state a
claim upon which relief can be granted. Plaintiff then moved
the court to amend his complaint to allege wrongful discharge.
At that time the trial court had already granted defendant's
summary judgment motion in open court but had not yet
signed the order granting summary judgment. The trial court
thereafter granted defendant's motion for accelerated judgment
on the basis of res judicata. Defendant's appeals from the
granting of the summary judgment and accelerated judgment
were consolidated by the Court of Appeals. *Held:*

1. The trial court properly ruled as a matter of law that since
it was undisputed that plaintiff was discharged for excessive
absenteeism prior to the end of defendant's fiscal year, plaintiff
was not entitled, under the terms of the contract, to participate
in the profit-sharing bonus.

2. Since there was an express contract in force between the
parties, a contract cannot be implied in law which covers the
same subject.

3. The contract's forfeiture clause is not contrary to public
policy.

4. The trial court did not abuse its discretion in denying

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading §§ 71 *et seq.,* 230 *et seq.*
[2] 17 Am Jur 2d, Contracts §§ 3, 18.
[3] 53 Am Jur 2d, Master and Servant § 84.
[4] 61A Am Jur 2d, Pleading §§ 307, 310, 317.
[5] 5 Am Jur 2d, Appeal and Error §§ 730, 853.
[6] 46 Am Jur 2d, Judgments § 394 *et seq.*
   73 Am Jur 2d, Summary Judgment § 11.
[7] 46 Am Jur 2d, Judgments § 467.

plaintiff's motion to amend his complaint. There is no question but that plaintiff was discharged due to his excessive absenteeism, therefore, it would be futile to amend the complaint in order to include a spurious claim of wrongful discharge simply to avoid summary judgment based upon the forfeiture clause.

5. The trial court did not err in granting defendant's motion for accelerated judgment on the basis of res judicata since each and every matter alleged by plaintiff was previously considered by the trial court and dismissed by way of summary judgment. The claim for wrongful discharge was a reiteration of plaintiff's previous claim for breach of contract.

Affirmed.

1. Judgments — Summary Judgment — Failure to State Claim — Contracts — Court Rules.

A motion for summary judgment on the ground that plaintiff failed to state a claim upon which relief can be granted challenges the legal sufficiency of the pleadings alone and is to be tested by whether, accepting all well-pleaded facts as true, the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery; however, in an action based upon a contract, the court may examine the contract in conjunction with the motion for summary judgment (GCR 1963, 117.2[1]).

2. Contracts — Contracts Implied in Law — Express Contracts.

A contract cannot be implied in law while an express contract covering the same subject matter is in force between the parties.

3. Contracts — Employment Contracts — Bonus Forfeiture Clauses — Public Policy.

A provision in an employment contract which requires an employee to be on the payroll at the end of the employer's fiscal year to be eligible for a bonus computed on that fiscal year's profits is not contrary to public policy.

4. Pleading — Motions — Amendment of Complaint — Appeal.

A party may amend his complaint only by leave of the court where the court has entered a summary judgment against the party; a trial court's disposition of a motion to amend a complaint will not be reversed on appeal absent an abuse of discretion.

5. Appeal — Motions and Orders — Entry of Orders — Objections — Amendment of Complaint — Court Rules.

The Court of Appeals will not countenance a plaintiff's attempt to

delay entry of a written order of summary judgment, following a trial court's granting of a motion for summary judgment in open court but prior to the signing of the order granting that summary judgment, by filing unwarranted objections thereto pursuant to the court rule regarding entry of judgments and orders in order that the plaintiff have an opportunity to amend the complaint (GCR 1963, 522.1[2]).

6. JUDGMENTS — RES JUDICATA.

The three prerequisites to the application of the doctrine of res judicata are: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case must have been resolved in the first; and (3) both actions must have involved the same parties or their privies.

7. APPEAL — MOTIONS AND ORDERS — ACCELERATED JUDGMENTS — RES JUDICATA — COURT RULES.

A trial court acts properly in granting a defendant's motion for accelerated judgment on the basis of res judicata where each and every matter alleged by the plaintiff has been previously considered by the trial court and dismissed by way of summary judgment (GCR 1963, 116.1[5]).

*Donald E. Gratrix* and *Edward A. Mahl,* for plaintiff.

*Chirco, Donaldson, Herrinton & Runstadler* (by *Robert W. Morgan),* for defendant.

Before: D. C. RILEY, P.J., and N. J. KAUFMAN and D. F. WALSH, JJ.

PER CURIAM. In these consolidated appeals, plaintiff appeals as of right from the trial court's order of September 11, 1981, granting defendant's motion for summary judgment pursuant to GCR 1963, 117.2(1), failure to state a claim upon which relief can be granted, as well as its order of October 30, 1981, granting defendant's motion for accelerated judgment pursuant to GCR 1963, 116.1, subds (2) and (5) based on the doctrine of res judicata.

In docket no. 60187, plaintiff alleged that he was employed by defendant from August 11, 1975, until September 17, 1978, when he was discharged. In addition to his hourly wage, plaintiff was to receive a yearly bonus based on defendant's profits in the preceding fiscal year. Plaintiff alleged that defendant breached their contract by failing to pay plaintiff a bonus based on defendant's profits in the fiscal year ending November 30, 1978. Defendant answered alleging that the contract required that an employee be on the payroll at the end of the defendant's fiscal year to be eligible for the bonus computed on that fiscal year's profits. The trial court granted defendant's motion for summary judgment.

"In *Cotter v Blue Cross & Blue Shield of Michigan,* 94 Mich App 129; 288 NW2d 594 (1979), the Court set forth the following standard for testing the sufficiency of a motion for summary judgment brought under GCR 1963, 117.2(1) when the case is based upon an underlying contract:

" 'GCR 1963, 117.2(1) states that the movant is entitled to summary judgment in his favor when the opposing party has failed to state a claim upon which relief can be granted. A motion based on GCR 1963, 117.2(1) challenges the legal sufficiency of a plaintiff's complaint and is to be considered by an examination of the pleadings alone. It is the duty of the reviewing court to accept as true the well-pleaded facts in the plaintiff's complaint and determine whether those claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Koenig v Van Reken,* 89 Mich App 102, 104; 279 NW2d 590 (1979). In a case based upon contract, as here, the court may examine the contract in conjunction with the motion for summary judgment. *Soloman v Western Hills Development Co,* 88 Mich App 254, 256; 276 NW2d 577 (1979).' *Cotter v Blue Cross & Blue Shield of Michigan, supra,* 135-136." *Bank of the Commonwealth*

*v Criminal Justice Institute,* 102 Mich App 239, 243; 301 NW2d 486 (1980).

In the case at bar, the trial court properly ruled as a matter of law that, since it was undisputed that plaintiff was discharged for excessive absenteeism prior to the end of defendant's fiscal year, plaintiff was not entitled, under the terms of the contract, to participate in the profit-sharing bonus.

We reject plaintiff's suggestion that the parties were bound by the terms of some implied contract. Where an express contract is in force between parties, a contract cannot be implied in law which covers the same subject. *Cascade Electric Co v Rice,* 70 Mich App 420; 245 NW2d 774 (1976).

Assuming, without deciding, that an employment contract conditioning the payment of a bonus upon the continuation of employment throughout a full year is subject to an implied condition that employment will not be terminated without good cause, we would still affirm the trial court's order of summary judgment as plaintiff's complaint failed to allege that he was discharged without good cause. Finally, we reject plaintiff's claim that the contract's forfeiture clause is contrary to public policy. In summary, the trial court did not err in granting defendant's motion for summary judgment.

We also reject plaintiff's contention that the trial court abused its discretion in denying his motion to amend the complaint. Where a summary judgment has been entered against a party he can only amend his complaint by leave of the court. *Schimmer v Wolverine Ins Co,* 54 Mich App 291; 220 NW2d 772 (1974). When plaintiff moved the court to amend his complaint, the trial court had already granted defendant's motion in open

court but had not yet signed the order granting summary judgment.

Although it is true that a trial court speaks only through its written orders, this Court cannot countenance plaintiff's attempt to delay entry of a written order of summary judgment by filing unwarranted objections thereto pursuant to GCR 1963, 522.1(2) in order that he may have an opportunity to amend the complaint.

Furthermore, a trial court's disposition of a motion to amend a complaint will not be reversed on appeal absent an abuse of discretion. *Commodities Export Co v Detroit,* 116 Mich App 57; 321 NW2d 842 (1982). In the case at bar, there is no question but that plaintiff was discharged due to his excessive absenteeism and, therefore, it would be futile to amend the complaint in order to include a spurious claim of wrongful discharge simply to avoid summary judgment based upon the forfeiture clause.

Finally, with regard to docket no. 61066, we hold that the trial court did not err in granting defendant's motion for accelerated judgment on the basis of res judicata.

In *Annabel v CJ Link Lumber Co,* 115 Mich App 116, 123; 320 NW2d 64 (1982), this Court held that:

"There are three prerequisites to application of the doctrine of res judicata: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case must have been resolved in the first; and (3) both actions must have involved the same parties or their privies."

In the case at bar, with the exception of plaintiff's claim for wrongful discharge, each and every

matter alleged by plaintiff was previously considered by the trial court and dismissed by way of summary judgment. Although plaintiff points out that the second action raised a claim of wrongful discharge which was not alleged in the first action, a review of the pleadings persuades us that plaintiff failed to allege an entitlement to employment other than by virtue of his employment contract and, thus, this claim is nothing more than a reiteration of plaintiff's previous claim for breach of contract. We conclude that the trial court acted properly in granting defendant's motion for accelerated judgment pursuant to GCR 1963, 116.1(5).

Affirmed. Costs to appellee.